**V & V MINING SUPPLY, INCORPORATED, a Virginia Corporation,
Plaintiff,**

v.

**John E. MATWAY, t/a Matway Coal
Company, Defendant.**

**Civ. A. No. 67–C–22–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Jan. 13, 1969.

Jackson S. White, Jr., Penn, Stuart & Miller, Abingdon, Va., for V & V Mining Supply, Inc.

Waldo G. Miles, Woodward, Miles & Flanriagan, Bristol, Va., and Jack H. France, Murphy & France, Charleroi, Pa., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Upon consideration of the above styled matter it appears from the complaint that the defendant, John E. Matway, was a resident of Pennsylvania at the time said complaint was filed. Defendant has entered a motion to dismiss the complaint on the grounds that this court's jurisdiction does not extend beyond the state boundaries of Virginia and that this court is therefore without personal jurisdiction of the defendant.

The provisions of Fed.R.Civ.P. 4(f) require that unless otherwise provided by a federal statute or other federal rule of procedure, process can be served only within the territorial limits of the state in which the district court is held—Virginia in the instant proceedings. This rule is merely an enunciation of the principle firmly established by Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877) that it is a basic tenet of justice and due process that the power of a court to render a judgment *in personam* is limited and dependent on the presence of the defendant within the territorial jurisdiction of the court. More recent cases restating this principle are Japan Gas Lighter Association v. Ronson Corporation, 257 F.Supp. 219 (D.N.J.1966); Shriner v. Stong, 229 F.Supp. 71 (N.D.Ill.1964). The requirement that a defendant be "present" within the court's territorial jurisdiction has been broadened and liberally construed in more recent cases, but the requirement has nevertheless been retained as a prerequisite for personal jurisdiction. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Annot. 161 A.L.R. 1057.

Fed.R.Civ.P. 4(e) allows process to be served on a person not found within the state in which the district court is held if such service is made under the cir-

cumstances and in the manner prescribed by an applicable statute of such state. In the instant case plaintiff, V & V Mining Supply, Inc., has attempted to serve the defendant pursuant to the provisions of the "long-arm" statute, Va. Code Ann. § 8–81.3 (1968 Supplement) by serving process on the Secretary of the Commonwealth. Such method of service is permissible only in the situations outlined by the preceding code section, Va. Code Ann. § 8–81.2 (1968 Supplement). The only situation outlined in such section which could be applicable to the defendant in the instant proceeding is the following:

§ 8–81.2 A Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

    (1) Transacting any business in this state;

This section of the Virginia Code was drafted to incorporate the liberal interpretation of "presence within the territorial jurisdiction" which was adopted in International Shoe Co. v. State of Washington, supra. However, defendant was not transacting business in Virginia. Defendant in written interrogatories testified that he has been a resident of Pennsylvania all of his life, has never been a resident of Virginia, has never engaged in any business in any state except Pennsylvania, and does not presently have and has never had an authorized agent in Virginia. Defendant learned that the plaintiff manufactured mining equipment through an advertisement in a trade journal and wrote a letter to the plaintiff. The plaintiff's agent then met with defendant in Pennsylvania where they entered into an oral contract. Subsequently, a written contract was drawn up and signed by the plaintiff in Virginia and mailed to defendant who signed it in Pennsylvania. That is the extent of the defendant's business transactions involving the State of Virginia. Plaintiff has fallen far short of establishing that defendant was transacting business in Virginia.

It is obvious that the defendant was not personally present in the State of Virginia to accept service of process pursuant to Fed.R.Civ.P. 4(f), nor has the defendant transacted business in the State of Virginia such as would make him amenable to service under Va. Code Ann. § 8–81.3.

For the above reasons the court finds that the defendant has not been properly served with process and is not personally within the jurisdiction of this court, wherefore it is hereby adjudged and ordered that this proceeding should be and hereby is dismissed for lack of jurisdiction.

The clerk is directed to send copies of this opinion and judgment to counsel of record.