## Richmond

### DANVILLE PLYWOOD CORPORATION V. PLAIN AND FANCY KITCHENS, INC.

November 23, 1977.

Record No. 761234.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Gary L. Bengston,* for plaintiff in error.

No brief or argument for defendant in error.

Per Curiam.

By this appeal Danville Plywood Corporation (Plywood) seeks to reverse the trial court's dismissal on jurisdictional grounds of its contract action for $5,844.35 against Plain and Fancy Kitchens, Inc. (Kitchens). The specific question presented is whether the trial court erred in holding Kitchens not subject to its jurisdiction under the provisions of Virginia's "long arm statute" which grants our courts personal jurisdiction over a party "as to a cause of action arising from the [party's] . . . [t]ransacting any business in this State." Code § 8-81.2(a)(1).*

The facts are not in dispute. Plywood, a Virginia corporation, operates a plant in Danville, Virginia, which manufactures plywood panels. Kitchens uses plywood panels in fabricating kitchen cabinets at its plant in Richland, Pennsylvania. Kitchens, a foreign corporation, is not domesticated in Virginia. It has never sold or offered to sell its products in Virginia. The officers and directors of Kitchens are not, nor have they ever been, residents of or domiciled in this jurisdiction.

On September 28, 1975, Gordon Herron, a salesman employed by several manufacturers, including Plywood, called on Kitchens at its plant in Pennsylvania. As the result of Herron's solicitation, Kitchens placed an order with Plywood for more than 500 plywood panels to be shipped, F.O.B. Danville, to Kitchens. On November 7, 1975, Plywood delivered the panels to a common carrier which, in due course, delivered them to Kitchens' plant in Pennsylvania. On the same date Plywood billed Kitchens for the panels in the amount of $5,844.35. When Kitchens declined to pay this bill, alleging that some of the panels shipped to it were defective, Plywood instituted this action in Virginia.

■ The purpose of our "long arm statute" is to assert jurisdiction, to the extent permissible under the Due Process Clause of the Constitution of the United States, over nonresidents who engage in some purposeful activity in Virginia. *Carmichael* v. *Snyder*, 209 Va. 451, 456, 164 S.E.2d 703, 707 (1968). And a single act by a nonresident which amounts to

---

* Recodified in 1977 as Code § 8.01-328.1(A)(1).

"transacting business" in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction upon our courts. *Kolbe, Inc.* v. *Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971). Due process requires, however, that a nonresident have "certain minimum contacts" within the territory of the forum so that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945).

In addressing itself to the question of what minimum contacts in the forum state suffice to satisfy due process, the Supreme Court in *Hanson* v. *Denckla*, 357 U.S. 235 (1958), pointed out:

"... The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws ...."

*Id.* at 253.

Here Kitchens' order was solicited by Plywood's representative in Pennsylvania, and the order, upon which Plywood relies to create a contract, was prepared by Plywood's agent in Pennsylvania. Kitchens is not domesticated in Virginia, and none of its officers or directors is a resident of or is domiciled in this state. Kitchens has never sold or offered to sell any of its products in Virginia. While the risk of loss of panels shipped F.O.B. Danville passed from Plywood to Kitchens when the panels were placed in the possession of the common carrier at Danville, Code § 8.2-319(a), and while technical acceptance of the order may have occurred in Virginia by Plywood's delivery of the panels to the carrier, this evidence is insufficient to establish that Kitchens had the necessary "minimum contacts" with Virginia to satisfy due process and give our courts jurisdiction.

*Affirmed.*