**WILLIAMS CRANE & RIGGING, INC.**

v.

**B & L SYSTEMS, LTD.**

Civ. A. No. 78–0970–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 21, 1979.

William D. Bayliss, Browder, Russell, Little, Morris & Butcher, Richmond, Va., for plaintiff.

Peter U. Hook, Uniontown, Pa., Lee B. Forb, Richmond, Va., for defendant.

MEMORANDUM

WARRINER, District Judge.

Plaintiff, a Virginia corporation, filed this diversity action against defendant, a Delaware corporation with its principal place of business in Pennsylvania. The defendant has moved pursuant to Fed.R.Civ.P. 12(b) to dismiss this action on the ground that the Court lacks personal jurisdiction over the defendant. This motion is now ripe for disposition.

This action arises out of an agreement between defendant and plaintiff by which defendant was to rent a crane from the plaintiff. Service was had upon the Secretary of the Commonwealth, pursuant to Fed.R.Civ.P. 4(e) and Va.Code § 8.01–329. Defendant objects to this service, saying that the exercise of personal jurisdiction in this case is not authorized by Va.Code §. 8.01–328.1, Virginia's long-arm statute. The only provision of the long-arm statute which could possibly apply to this case is that which subjects a person to the jurisdiction of the Virginia courts as to any cause of action arising from the person's transacting any business in Virginia. Va.Code § 8.01–328.1.A.1.

The facts which plaintiff claims subject defendant to this Court's jurisdiction are simple. Defendant placed a telephone call from Pennsylvania to plaintiff's office in Richmond, Virginia. Defendant asked plaintiff to quote rates for crane rental, and plaintiff quoted defendant those rates. Defendant accepted the rates over the telephone, and mailed a confirming letter from Pennsylvania to defendant in Virginia. Performance of the contract was intended to be entirely within the State of West Virginia.

■ The Virginia Supreme Court, in applying Virginia's long-arm statute, has made it clear that "the holding in each case must rest upon an analysis of its own particular facts and circumstances." *Kolbe, Inc. v. Chromodern Chair Co.,* 211 Va. 736, 180 S.E.2d 664, 667 (1971). It is also clear that the Virginia long-arm statute permits an exercise of jurisdiction based upon a single act which, in fact, amounts to transacting business in Virginia. The question for decision is whether the defendant has done any act which amounts to transacting business in Virginia.

In *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.,* 218 Va. 533, 238 S.E.2d 800 (1977), plaintiff, a Virginia corporation, entered into a contract with defendant, a Pennsylvania corporation. The contract was entered into by defendant and plaintiff's agent in Pennsylvania. The goods to be sold were to be shipped to defendant in Virginia. The Virginia Supreme Court held that "while technical acceptance of the order may have occurred in Virginia by Plywood's delivery of the panels to the carrier, this evidence is insufficient to establish that Kitchens had the necessary 'minimum contacts' with Virginia to satisfy due process and give our courts jurisdiction." 238 S.E.2d at 802.

In *V & V Mining Supply Co., Inc. v. Matway,* 295 F.Supp. 643 (W.D.Va.1969), the defendant, a Pennsylvania resident, wrote a letter suggesting a business transaction to the plaintiff, a Virginia corporation. Plaintiff's agent met with defendant in Pennsylvania where they entered into an oral contract which was later confirmed by a written contract. The written contract was written up and signed by the plaintiff in Virginia and mailed to the defendant who signed it in Pennsylvania. Judge Dalton held that these facts were insufficient to show that defendant was transacting business in Virginia, and dismissed the action.

In *Kolbe,* the Virginia Supreme Court found that the defendant had formally established plaintiff as its Virginia dealer with its principal offices in Richmond. Thereafter, McDonald, a manufacturer's representative acting for defendant, negotiated and entered into the contract in question between plaintiff and defendant in Richmond. With this factual background the Virginia Supreme Court found:

It is clear that Chromodern through MacDonald voluntarily and purposefully availed itself of the privilege of conducting activities within Virginia which amounted to a substantial transaction of business in this State. Chromodern's actions, both in this transaction and in others shown by the evidence, delineate a pattern of activities intended to develop the Chromodern market in Virginia and to reap economic benefit therefrom. [180 S.E.2d at 668]

■ Counsel for plaintiff argues aptly that the facts in the present case are somewhere between *Kolbe* and *Danville Plywood.* The Court believes that the present facts are closer to those found in *V & V Mining* than they are to the facts in *Kolbe.* Only two acts of the defendant are set out as supporting jurisdiction in this case, a telephone call and a letter. In both instances the act of the defendant took place in Pennsylvania despite the fact that the act may have had consequences in Virginia. The Court does not believe that the defendant herein purposefully availed itself of the privilege of conducting activities within Virginia, and so holds that the defendant has not transacted business in this State so as to subject itself to this Court's jurisdiction. Accordingly, this action must be dismissed.

An appropriate order shall issue.