In re COX COTTON COMPANY, Debtor.

In re Don JAMES and Betty James, d/b/a James Oil Company and Ginners Oil Mill, Debtors.

Robert LINDSEY, Trustee, Plaintiff,

v.

Charles MORGAN, Defendant.

Robert LINDSEY, Trustee, Plaintiff,

v.

Charles EDDY, David Eddy, and R. M. Edwards, Defendants.

Robert LINDSEY, Trustee, Plaintiff,

v.

Amon RING, Jr., Defendant.

Robert LINDSEY, Trustee, Plaintiff,

v.

Amon RING, Sr., Defendant.

Robert LINDSEY, Trustee, Plaintiff,

v.

Donald LUTHER, d/b/a Luther Farms, Defendant.

Robert LINDSEY, Trustee, Plaintiff,

v.

Robert HALL, Defendant.

Bankruptcy Nos. J0 80–154, J0 80–155. Adv. Nos. 80–458, 80–454, 80–453, 80–455, 80–461 and 80–447.

United States Bankruptcy Court, E. D. Arkansas, Jonesboro Division.

Feb. 9, 1981.

Ben Arnold, Little Rock, Ark., A. Jan Thomas, Jr., West Memphis, Ark., Warren E. Dupwe, Jonesboro, Ark., for plaintiff.

Richard L. Ramsay, Pine Bluff, Ark., for defendants.

MEMORANDUM OPINION AND ORDER
OVERRULING DEFENDANT'S
MOTION TO QUASH

CHARLES W. BAKER, Bankruptcy Judge.

The debtor entity, prior to bankruptcy, entered into contracts with the above-named defendants for the sale to it of milo at a time which was to prove to be *after* the filing of the petition herein. The trustee, as successor to the interests of the debtor, has sued the above-named defendants, for specific performance of the aforementioned contracts, and the attorney for the defendants has filed a Motion to Quash, citing 28 U.S.C. § 1473(d). The text of this section is as follows:

A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

It is the defendants' position that the cases should be transferred to the Eastern District of Missouri in that the "claim" which the trustee herein makes arose *after* the filing of the petition, to-wit: the grain was not deliverable until subsequent to the time at which the debtor entered bankruptcy, and therefore the above cited subsection is applicable. The Court concludes that there is no merit to this argument. The jurisdiction of the bankruptcy court cannot be doubted:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under Title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

28 U.S.C. § 1471(b) and (c). *See In Re Ohnstad*, 6 B.C.D. 6 (D.S.D.1980).

Clearly, the Congressional intent was to vest the Court with the fullest degree of power consonant with due process and thus avoid the summary versus plenary jurisdictional morass which characterized cases under the Bankruptcy Act. Buttressing this conclusion is 28 U.S.C. § 1481:

A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment.

Moreover, it is conceded that the general rule is to the effect that suits arising out of a Chapter 11 proceeding are to be heard in the Court in which the case is pending; *See* 28 U.S.C. § 1471(a).

The construction which the defendants suggest would result in the exception swallowing the rule; the very evil which the Code sought to obviate would be realized by the Code itself. The number of instances in which the claim (as the defendants suggest that that term be understood) had not *arose* until after the order of relief would be legion. It would, to cite only one example, presumably prevent the trustee from suing to recover accounts receivable where the debtor/merchant had specified that payment was not due until a period (for example thirty days) which later proved to be subsequent to filing of the case. The possibilities for abuse, particularly in the case of an *involuntary* proceeding (which would also be governed by this statute) are staggering. Moreover, such a reading is at variance with the spirit of the Code as manifested, for example, in the estate property (11 U.S.C. § 541) which the trustee inherits and as manifested in the equitable power of the Court to halt collection proceedings (11 U.S.C. § 362).

The nationwide service and jurisdiction of this court render evidence concerning minimal contacts relevant in only an eq-

**684**

uitable context. *In Re Cole Associates, Inc.*, 7 B.R. 154, 6 B.C.D. 565, 568 (Bkrtcy. D.Utah 1980).

Moreover, the defendants reading of the term "claim" is not supported by the text of the Code:

(4) "Claim" means—

. . . . .

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, *unmatured*, disputed, undisputed, secured, or unsecured. 11 U.S.C. § 101, *emphasis added.*

Manifestly, the Congressional intent in the disputed subsection was to afford protection to those entities who in good faith dealt with the trustee or debtor in possession *after* the order of relief, *and in regards to the administration of the estate.* It is not inapposite to suggest that this provision represents an *incentive* to otherwise reluctant parties to deal with the trustee, not incomparable to incentives offered to such parties in other contexts, *See* 11 U.S.C. § 364.

Nor can sight be lost of 28 U.S.C. § 1477 which allows the Court to retain jurisdiction of a case "in the interest of justice" and "for the convenience of the parties" which would, given the relevant considerations in matters of this nature, dictate retention of the litigation. *See, e. g., In Re Vann,* 3 B.R. 192, 6 B.C.D. 11 (Bkrtcy.E.D.Pa.1980); *In Re Malone,* 5 B.R. 658, 6 B.C.D. 835 (Bkrtcy.S.D.Calif.1980). Both parties cite *In Re G. Weeks Securities, Inc.,* 5 B.R. 220 (Bkrtcy.W.D.Tenn.1980) which appears to be directly in point.

The defendants assert a factual difference in *Weeks* which mandates a different conclusion from that which Judge Leffler reaches. The difference, if any, is not material to the determination of this controversy. Although there is little authority on the point, the better rule appears to be that the burden of proof in such matters lies on the movant seeking the change of venue;

*In Re Marx & Co.,* 6 B.C.D. 300 (S.D.N.Y. 1980).

Having failed to convince the Court of the efficacy of its position and thus to carry the burden of proof weighing upon it, the defendants' motion must necessarily be, and hereby is, denied.

SO ORDERED.