**In re Scott Richard AUGUST, Sharon Irene August, Debtors.**

**Scott Richard AUGUST, et al., Plaintiffs,**

**v.**

**HBA LIFE INSURANCE COMPANY, Defendant.**

**Bankruptcy No. 81–01316–R. Adv. No. 81–0261–R.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Feb. 4, 1982.

Nathan A. Nelson, Chenault, Brumley & Chenault, Aylett, Va., for plaintiffs.

Fred W. Palmore, III, Mays, Valentine, Davenport & Moore, Richmond, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Scott Richard August and Sharon Irene August (Augusts), the Debtors herein, of a complaint for turnover of property against HBA Life Insurance Company (HBA), the Defendant herein. HBA filed a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Plaintiffs' complaint for turnover of property on the basis that this Court lacks jurisdiction over the disputed property because the Virginia judgment which granted the Plaintiffs' right to that property is void for want of personal jurisdiction over the Defendant. Upon the submission of briefs and after hearing the Court makes the following determination.

The Augusts entered into an agreement with HBA in the State of Arizona by which HBA agreed to provide health insurance for the Augusts. Shortly thereafter in September, 1977 the Augusts moved to Virginia and continued to pay premiums to HBA for the insurance policies. In December, 1977 the Augusts made a claim for benefits under the HBA insurance policy for reimbursement for medical expenses. HBA denied the request for reimbursement in February, 1978.

The Augusts filed suit against HBA in the Circuit Court for King and Queen County, Virginia and recovered a default judgment against HBA in the amount of $10,000.00 plus interest and costs on April 13, 1981.

The Augusts filed a petition in bankruptcy with this Court for relief under Title 11, Chapter 13 of the United States Code on July 31, 1981.

HBA has no representatives in Virginia and sells no insurance policies to residents of Virginia. HBA is an Arizona insurance company and is present in this suit because persons it insured moved from Arizona to Virginia.

28 U.S.C. § 1471(e) provides that bankruptcy courts have exclusive jurisdiction of all of a debtor's property wherever located as of the commencement of the case. HBA argues that it possesses none of the Debtors' property because the judgment which the Augusts obtained in the Circuit Court of King and Queen County is void for lack of jurisdiction.

■■■ Certain minimum contacts are necessary in order to subject a defendant to a judgment *in personam* if he is not present within the territory of the forum in order that the maintenance of the suit not offend traditional notions of fair play and substantial justice. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The U.S. Supreme Court has stated that a single transaction is a sufficient contact if it gives rise to the liability asserted in the suit. *McGee v. International Life Insurance Company*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). The Augusts asserted personal jurisdiction over HBA under the Virginia longarm statute codified in *Virginia Code*, § 8.01–328.1 which provides in pertinent part "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the persons: (1) transacting any business in this state ..." The purpose of the Virginia longarm statute is to assert jurisdiction over nonresidents to the extent permissible under the due process clause of the United States Constitution. *Danville Plywood Corporation v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800, 802 (1977). Due process requires that there be more than a simple connection between the contract which is being sued upon and the

state asserting jurisdiction. The U.S. Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) stated that "... it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." The Virginia Supreme Court has held in light of *Hanson* that a defendant corporation must "purposely [avail] itself of the privilege of conducting business activities in Virginia" to be subject to the jurisdiction of Virginia courts. *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 180 S.E.2d 664 at 668.

In *McGee*, a decision later qualified by *Hanson*, the court found the California court had jurisdiction over a Texas insurance company where the insurance contract was delivered in California, premiums were mailed from California and the insured was a resident of California at the time of death. The Texas insurance company never solicited or did any insurance business in California apart from the policy sued upon in the case. The court found that the contract had a substantial connection with the state in which suit was brought and noted that a state "... has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims." *McGee*, 355 U.S. at 223, 78 S.Ct. at 201.

Courts have construed the Virginia longarm statute on a number of occasions. In *Kolbe* the Virginia Supreme Court held that Chromodern Chair Company, a California corporation, was subject to the jurisdiction of Virginia courts. The area representative of the California company appointed Kolbe as its dealer and representative in Virginia and secured a written purchase order from Kolbe in Virginia. The Virginia Supreme Court also found jurisdiction in *I. T. Sales, Inc. v. Dry*, 222 Va. 6, 278 S.E.2d 789 (1981) in which the plaintiff, a Virginia corporation, sued the defendant, a California resident, for breach of an employment contract which was entered into in Virginia. The court found that the defendant conducted a

 

business transaction in Virginia that was sufficiently substantial for Virginia courts to assume jurisdiction. *Sales* at 791.

Courts in several recent decisions held that Virginia courts lacked jurisdiction. *See Danville Plywood Corporation v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800; *Viers v. Mounts*, 466 F.Supp. 187 (W.D.Va.1979). In *Danville Plywood* a salesman employed by the Virginia corporation called on Kitchens, a Pennsylvania corporation, and Kitchens placed an order with Danville Plywood for wood panels to be shipped from Danville to Kitchens' Pennsylvania factory. The court found that Kitchens was not domesticated in Virginia and none of its officers or directors were residents or domiciled in this state. Furthermore, Kitchens never sold or offered to sell any of its products in Virginia. The court therefore held that it lacked minimum contacts with the state to give Virginia courts jurisdiction over the contract action which Danville Plywood brought.

 The fact situation in the instant case is similar to that found in *Danville Plywood.* HBA was not domesticated in Virginia and had no connections with Virginia other than the insurance policy held by the Augusts. For the minimum contacts test enunciated in *International Shoe* to be met the defendant must commit some act of which it purposefully avails itself of the privilege of conducting activities within the forum state. *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1239. HBA committed no such act in the instant case. The U. S. Supreme Court decision in *McGee* is distinguishable because in that case the Texas insurance company solicited the California resident's business.

HBA lacked those minimum contacts with Virginia necessary to satisfy the due process requirements enunciated in *International Shoe, McGee* and *Hanson.* Absent these minimum contacts the judgment by the Circuit Court for King and Queen County, Virginia is invalid and this Court has no jurisdiction to hear the Augusts' complaint for turnover of property. Therefore, it is

ORDERED that the Augusts' Complaint for Turnover of Property be, and is hereby DISMISSED for lack of jurisdiction.