In re **HERMAN CANTOR CORPORATION**, Debtor.

**HERMAN CANTOR CORPORATION,** Plaintiff,

v.

**CATTLE KING PACKING CO., INC.,** Defendant.

Bankruptcy No. 81–00640–R.
Adv. No. 82–0088–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Aug. 9, 1982.

Allan S. Buffenstein, William R. Baldwin, III, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for plaintiff.

Jack W. Burtch, Jr., McSweeney, Stutts & Burtch, Richmond, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Cattle King Packing Company, Inc. (Cattle King) of an answer and an affirmative defense to a complaint by Herman Cantor Corporation (Cantor) in which Cantor seeks to recover damages against Cattle King in a breach of contract action. In its answer Cattle King alleged as an affirmative defense that venue does not properly lie in this Court. After a pretrial conference and upon the submission of briefs, this Court makes the following determination.

Cantor is a Virginia corporation which filed a voluntary petition under Chapter 11 of the U. S. Bankruptcy Code on April 17, 1981 with this Court. From the pleadings it appears that Cattle King is a Colorado corporation. In December, 1981, Cantor contracted with Cattle King through a Florida broker to purchase 39,000 pounds of 80 percent chemical lean beef at a total price of $33,930.00. The broker confirmed Cantor's purchase and Cantor paid the sum of $33,-930.00.

Cantor contracted with George A. Hormel Company, Inc. (Hormel) of Beloit, Wisconsin to sell 39,000 pounds of 80 percent chemical lean beef for a total price of $37,-050.00. Shortly thereafter, Cantor obtained the beef from Cattle King's plant and delivered it to Hormel. Cantor alleges the beef was 65 percent chemical lean instead of 80 percent chemical lean and, therefore, did not comply with the contract specifications. Cantor alleges Cattle King breached its contract by not providing 80 percent chemical lean and that Cattle King's breach damaged Cantor in the amount of $7,745.40 because Cantor had to sell the beef to Hormel at a reduced price.

█ If a trustee commences a proceeding based upon a claim arising after the filing of the bankruptcy case from the operation of the debtor's business, the proper venue for that action is the bankruptcy court for the district where a state or federal court sits in which venue would have been proper had the debtor commenced the action prior to filing his petition in bankruptcy. 28 U.S.C. § 1473 provides in pertinent part that

"[e]xcept as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending . . . .

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an act on such claim may have been brought."

█ For the purposes of the Bankruptcy Code a debtor in possession such as Cantor stands in the shoes of the trustee and may perform most of the functions and the duties of the trustee serving in a Chapter 11 case. 11 U.S.C. §§ 1107, 1108. This Court therefore must examine both Federal and Virginia non-bankruptcy law to determine whether venue over this matter is properly placed in this Court.

█ In the instant case although the parties are residents of different states, Federal diversity jurisdiction would not be present because the amount in controversy does not exceed $10,000.00. See 28 U.S.C. § 1332. Neither does this suit involve a federal question; therefore, Cantor could not have brought this suit in a federal court. *Id.* Because the venue appropriate to a Federal District Court is inapplicable, this Court must turn to Virginia law and determine whether this suit could have been brought in Virginia. If Cantor could have brought this suit in Virginia, then this Court must determine in which Virginia locality venue would have been proper. See 2 *Collier on Bankruptcy*, ¶ 3.02 (15th ed. 1981). Determining whether a state court would have jurisdiction over a defendant is an integral part in the process of determining the proper place for venue. The legislative history provides, "[t]he trustee may commence a proceeding on such a claim only in the judicial district in which the debtor could have sued on the claim in the absence of bankruptcy." S.Rep.No.989,

95th Cong., 2nd Sess., 156 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5942.[1] The legislative history indicates Congress enacted this section to limit trustees to bringing actions based upon post-bankruptcy claims only in localities in which a debtor could have brought the action if no petition in bankruptcy ever had been filed.

█ This Court finds that no Virginia court would have had jurisdiction over this matter. In order that maintenance of a suit not offend traditional notions of fair play and substantial justice, a defendant may be subject to a judgment in personam only if certain minimum contacts with the forum state are present. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See also, In re August*, 17 B.R. 628 (Bkrtcy. E.D.Va.1982), aff'd., No. 82–0175–R (E.D.Va. May 26, 1982), *appeal docketed*, No. 82–1532 (4th Cir., June 22, 1982). A single transaction is a sufficient contact if it gives rise to liability asserted in a suit. The Virginia longarm statute codified in Virginia Code § 8.01–328.1 exists for the purpose of asserting jurisdiction over nonresidents to the extent permissible under the due process clause; however, there must be more than a simple connection between the contract which is being sued upon and the state asserting jurisdiction. See *McGee v. International Life Insurance Company*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *Danville Plywood Corporation v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800, 802 (1977). In the instant case, the sole connection the complaint alleges this matter has with Virginia is the plaintiff's presence in this state. The contract to purchase beef was entered into elsewhere between a Florida broker acting on behalf of Cantor and a Colorado seller. Cantor then contracted to sell the beef to a Wisconsin company. Cantor picked up the beef at the Colorado company's plant and delivered it in Wisconsin.

1. See also the legislative history accompanying this section in which the House report provides "[t]he trustee may commence such a proceeding only in the district in which the debtor could have commenced it under applicable non-bankruptcy provisions." H.R.Rep.No.595, 95th Cong., 1st Sess. 447 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6402.

■ The Virginia Supreme Court has held that the Virginia longarm statute cannot be used to obtain jurisdiction over a nonresident defendant corporation, unless that corporation "... purposefully [avails] itself of the privilege of conducting business activities in Virginia ...." *John G. Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 211 Va. 736, 180 S.E.2d 664, 668 (1971). See also *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Absent minimum contacts there can be no question of venue. Cantor has failed to allege Cattle King has any connection with Virginia except for the damages Cantor incurred through this contract. There is no allegation Cattle King ever has conducted any business in Virginia.

Cantor argues the venue is laid in this Court under 28 U.S.C. § 1473(a). It argues § 1473(d) applies only to cases brought by a trustee and not those brought by a debtor. See, *In re G. Weeks Securities, Inc.*, 5 B.R. 220 (Bkrtcy., W.D.Tenn.1980). The Bankruptcy Code consistently provides debtors in possession and trustees with substantially the same rights, powers, and liabilities.[2] The legislative history indicates Congress intended to put debtors in possession and trustees on the same footing.

> "[T]his section places the debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a Chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations and conditions as the court prescribes."

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 404 (1977); S.Rep.No.95–989, 95th Cong., 2nd Sess. 116 (1978), U.S.Code Cong. & Admin.News 1978, 5902, 6360.

It is clear that in enacting 28 U.S.C. § 1473(d) Congress intended to limit trustees and debtors in possession so that they could bring actions to recover upon claims arising after the commencement of Title 11 cases only in those jurisdictions in which they could have brought the actions prior to bankruptcy. Congress intended through this section to protect entities which deal with the Chapter 11 debtor after the debtor files its bankruptcy petition, *In re Cox Cotton Company*, 8 B.R. 682, 684 (Bkrtcy.E.D. Ark.1981). The protection afforded entities which deal with a debtor post-bankruptcy provides an incentive for that dealing to occur. *Id.* Although this Court may have jurisdiction over the defendant because of the expanded jurisdiction Congress granted this Court,[3] venue is improperly laid in this Court.

■ Cattle King asks this Court to dismiss Cantor's complaint for improper venue. Pursuant to 28 U.S.C. § 1477(a), however, this Court has no discretion to dismiss a case if venue is improper. In cases in which venue is improper this Court must retain the case or else transfer it to another district or division. 1 *Collier on Bankruptcy*, ¶ 1302, (15th ed. 1981). Cantor asks this Court to retain this proceeding in the interest of justice and conversion of the parties. In the instant case this Court notes that it appears as inconvenient for a Colorado corporation to try this matter in Virginia as it is for a Virginia corporation to try this matter in Colorado. Further, when venue is improper in its inception, justice is not served when the debtor asks that the issue be tried in the bankruptcy forum where the petition was filed as a convenience to the debtor. In light of the general require-

---

**2.** 11 U.S.C. § 1107(a) provides "[s]ubject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under § 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in § 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

**3.** In light of the recent decision by the U. S. Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court notes it may have no jurisdiction over the defendant in the instant case; however, this question is not before this Court today.

ments of the statute and it appearing that it is not in the interest of justice and no sufficient cause has been shown to retain this case, this Court will by Order transfer venue of this case to the United States Bankruptcy Court for the District of Colorado, Denver Division.

An appropriate Order will issue.