In re ALL AMERICAN OF
ASHBURN, INC., Debtor.

Stacey W. COTTON, As Trustee in
Bankruptcy for All American of
Ashburn, Inc., Plaintiff,

v.

C.W. SHIRAH, Jr., Individually and
d/b/a Oakwood Mobile Home
Sales, Defendant.

Bankruptcy No. 83–03719A.
Adv. No. 84–0745A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 5, 1985.

James C. Cifelli, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for plaintiff.

Michael S. Haber, Smith, Gambrell, Russell & Martin, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On November 20, 1984, Stacey W. Cotton, as Trustee in Bankruptcy for All American of Ashburn, Inc. ("Trustee"), commenced the above-referenced adversary proceeding to collect accounts receivable. The complaint seeks recovery of pre-petition receivables in the amount of $33,885.62 plus interest from September 17, 1983, and post-petition receivables in the amount of $347.98 plus interest from October 5, 1983. This case is presently before the Court on the motions of the defendant, C.W. Shirah, Jr. ("Shirah"), requesting that the Court abstain from exercising jurisdiction over the adversary proceeding or, alternatively, that the Court transfer the adversary proceeding to the United States Bankruptcy Court for the Southern District of Georgia.

## ABSTENTION

Jurisdiction over the adversary proceeding is vested in this Court pursuant to 28 U.S.C. §§ 1334(b), 151, 157(a); Standing Order of the United States District Court for the Northern District of Georgia dated July 12, 1984. *See In re Butcher*, 46 B.R. 109, 111 (Bankr.N.D.Ga.1985). The constitu-

tionality of this jurisdictional scheme, as implemented by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (July 10, 1984), has been upheld by all courts to consider the issue. *In re Tom Carter Enterprises*, 12 BCD 536, 538, 44 B.R. 605 (C.D.Cal.1984) (constitutionality of order of reference with respect to core proceedings upheld); *In re WWG Industries, Inc.*, 12 BCD 752, 753, 44 B.R. 287 (N.D.Ga.1984) (constitutionality of order of reference with respect to noncore proceedings upheld); *In re DeLorean Motor Co. (Allard v. Benjamin, et al.)*, 49 B.R. 900 (Bankr.E.D. Mich., 1985). *See also In re Lorren*, 12 BCD 549, 550, 45 B.R. 584 (Bankr.N.D. Ala.1984); *In re Lion Capital Group*, 12 BCD 840, 845, 46 B.R. 850 (Bankr.S.D. N.Y.1985). Nevertheless, Shirah argues that the Court should abstain from exercising jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1).

■ Discretionary abstention is authorized by 28 U.S.C. § 1334(c)(1), which states as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Although the issues raised by the complaint are governed by state law, that fact is not determinative that abstention is appropriate. *In re Tom Carter Enterprises*, 12 BCD at 539, 44

B.R. 605; *In re DeLorean Motor Co.*, at 906–907; *In re Butcher*, 46 B.R. at 114. *See also* 28 U.S.C. § 157(b)(3) ("... A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law").

■ The decision by Bankruptcy Judge Graves in *In re DeLorean Motor Co.*, at 909–910, outlines the traditional rationales for federal abstention,[1] none of which are applicable to the case *sub judice.* Judge Graves notes further that the abstention doctrine "has been viewed as 'an extraordinary and narrow exception to the duty of the federal courts to adjudicate controversies which are properly before it.'" *Id.*, at 910 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, *rehearing denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976)). The Trustee's complaint is properly before the Court and constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O) concerning "the liquidation of assets of the estate or the adjustment of the debtor-creditor ... relationship...."

A broad reading of the nonexclusive list of core proceedings found at 28 U.S.C. § 157(b)(2) comports with the congressional intent to adjudicate such matters "inextricably tied to the bankruptcy proceeding" in the Bankruptcy Courts. *In re DeLorean Motor Co.*, at 906, 909. *See also NLT Computer Services Corp. v. Capitol Computer Systems, Inc.*, 755 F.2d 1253, 1263–64 (6th Cir.1985). This Chapter 11 case is in a liquidation posture, and the Trustee has commenced numerous accounts receiv-

---

1. Bankruptcy Judge Graves adapted his discussion of the history of federal abstention from *Ada-Cascade Watch Co. v. Cascade Resource Recovery, Inc.*, 720 F.2d 897 (6th Cir.1983). The three primary bases for abstention originate from: *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) ("*Pullman* abstention is appropriate where the resolution of uncertain state law issues can moot a federal constitutional issue or cause it to be presented in a different posture"); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("Application of the *Younger* doctrine to a non-criminal proceeding depends upon a

three-prong test: (1) are there ongoing state judicial proceedings; (2) do the proceedings implicate important state interests; and (3) is there adequate opportunity in the state proceeding to raise constitutional challenges"); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) ("[*Burford* abstention] is applied when the 'exercise of federal review of the [state court] question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantive policy concern'"). *In re DeLorean Motor Co.*, at 909–910.

able collection actions in an effort to generate funds for distribution to the creditors of All American of Ashburn, Inc. These actions should be retained within the jurisdiction of the United States Bankruptcy Courts so as to give the Trustee a forum in which to efficiently litigate the various proceedings.

## CHANGE OF VENUE

Shirah asserts that the venue of this adversary proceeding is improper in the United States Bankruptcy Court for the Northern District of Georgia. Alternatively, Shirah contends that the adversary proceeding should be transferred to the United States Bankruptcy Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1412 "in the interest of justice or for the convenience of the parties." The Court shall address these arguments in seriatim.

The applicable statute concerning the venue of bankruptcy proceedings is 28 U.S.C. § 1409. The general venue provision is 28 U.S.C. § 1409(a), which states that:

(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced *in the district court in which such case is pending.*

28 U.S.C. § 1409(a) (emphasis added). An exception to the general rule applies with respect to an action by the trustee arising post-petition from the operation of the debtor's business. This exception, found at 28 U.S.C. § 1409(d), states as follows:

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the

business of the debtor only *in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.*

28 U.S.C. § 1409(d) (emphasis added).

The Chapter 11 case through which All American of Ashburn, Inc. is undergoing its liquidation is pending in the United States Bankruptcy Court for the Northern District of Georgia. Therefore, venue for this adversary proceeding would properly lie in the United States Bankruptcy Court for the Northern District of Georgia under the general rule of 28 U.S.C. § 1409(a).[2] Shirah submits, however, that the demand for recovery of post-petition accounts receivable in the principal amount of $347.98 brings 28 U.S.C. § 1409(d) into play in lieu of the general rule.

■ Notwithstanding the claim for recovery of postpetition accounts receivable, the primary thrust of the Trustee's complaint is the recovery of prepetition accounts receivable in the principal amount of $33,885.62. Accordingly, the Court disagrees that the adversary proceeding on the whole is "based on a claim arising after the commencement of such case from the operation of the business of the debtor." *See* 28 U.S.C. § 1409(d). Because the Trustee could unquestionably assert his claim for prepetition accounts receivable in this forum, and judicial economy dictates that the Court simultaneously try the lesser post-petition claim arising from the ongoing business relationship between the parties, the preference to enable a trustee in bankruptcy to litigate in the court in which the bankruptcy case is pending is not superseded in this instance by the 28 U.S.C. § 1409(d) exception.[3] Therefore, venue for

---

**2.** "[T]he general rule is to the effect that suits arising out of a Chapter 11 proceeding are to be heard in the court in which the case is pending...." *In re Cox Cotton Co.,* 8 B.R. 682, 683 (Bankr.E.D.Ark.1981) (construing 28 U.S.C. § 1473).

**3.** The inclusion by the Trustee of the incidental claim for accounts receivable arising post-petition does not implicate the policy rationale behind 28 U.S.C. § 1409(d) so as to justify a depar-

ture from the general rule. "Manifestly, the Congressional intent in [28 U.S.C. § 1473(d)] was to afford protection to those entities who in good faith dealt with the trustee or debtor in possession after the order of relief, and in regards to the administration of the estate." *In re Cox Cotton Co.,* 8 B.R. at 684 (emphasis deleted). In contrast, the predominant claim against Shirah arose prepetition, and the decision of the court to withhold the "protection" of 28 U.S.C. § 1409(d) does not threaten the overriding poli-

the adversary proceeding is proper in the United States Bankruptcy Court for the Northern District of Georgia.

The power of a trustee in bankruptcy to bring suit in the court in which the bankruptcy case is pending is mitigated by 28 U.S.C. § 1412, which authorizes the transfer of venue to another forum "in the interest of justice or for the convenience of the parties." Shirah contends that justice and convenience would be facilitated by the transfer of this adversary proceeding to the United States Bankruptcy Court for the Southern District of Georgia. In his brief, Shirah argues as follows:

> The sources of proof, the witnesses, the advantages of a fair trial, and the law governing the instant proceeding are all located in the Southern District. As well, the difficulties in enforcing and administering merely the pre-petition issues in this Court would justify a transfer of all issues to the same forum.

Legal Memorandum in Support of C.W. Shirah, Jr.'s Motion to Abstain and Motion to Transfer Venue at 11. However, Shirah's arguments are unsupported in the record of this case.

 The burden of proving that a transfer of venue is appropriate pursuant to 28 U.S.C. § 1412 falls upon the moving party. *In re Butcher*, 46 B.R. 109, 112 (Bankr.N.D.Ga.1985); *In re Nixon Machinery Co.*, 27 B.R. 871, 872 (Bankr.E.D.Tenn. 1983); *In re Whippany Paper Board Co., Inc.*, 15 B.R. 312, 317 (Bankr.D.N.J.1981); *In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bankr.D.Utah 1980). In light of this burden of proof and the barren record in this case, Shirah's position that venue should be transferred is untenable.

## CONCLUSION

On the basis of the foregoing, Shirah's motion to abstain and motion for transfer of venue shall be and are hereby DENIED in all respects.

IT IS SO ORDERED.

cy to encourage entities to engage in business with the trustee or debtor in possession after