# CIRCUIT COURT OF THE CITY OF RICHMOND

Investors Real Estate
Investment Co.

v.

James B. Foster
and Carla S. Foster

## Case No. LR-141-1

By JUDGE MELVIN R. HUGHES, JR.

### February 6, 1990

This case came on for argument on defendant's Special Plea to the Jurisdiction on October 25, 1989. For purposes of discussion, the facts alleged in the Motion for Judgment and cited in depositions are taken as true.

The case is a suit on a promissory note executed by defendants in the State of Washington where they then and now reside. The note is payable in Colorado and by its terms is governed by the law of that state and was negotiated in Washington, California, and Colorado. It is part of a financial arrangement for development of real estate in California by a California partnership whose principal place of business is in Colorado. The original payee, the Centennial Group, was a Delaware corporation that had principal offices in Colorado. Plaintiff, a wholly owned subsidiary of Investors Savings Bank, acquired the note from Investors after Investors purchased

Centennial. It has not been previously involved with the parties or the underlying transaction. All negotiations and contacts leading up to execution occurred outside of Virginia.

Defendants' plea raises the question of whether personal jurisdiction attaches to them under § 8.01-328.1, Code of Virginia of 1950, as amended which reads in pertinent part:

> A. A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this Commonwealth.

Plaintiff argues defendant transacted business here by engaging in settlement discussions by letter correspondence and telephone conversations over the dispute involving the note. It relies on a provision in the note providing for payment in Colorado or "such other place as may be designated in writing by the noteholder . . ." as a basis for a reasonable expectation that defendants could be presented with a suit in another state. It also argues that, under Virginia law, in long arm business transaction issues, the analysis can proceed immediately to constitutional due process considerations without first considering whether the statute itself provides a basis for personal jurisdiction.

The Court decides, as defendants contend, that for purposes of long arm personal jurisdiction based on transacting business, the cause of action sued on must arise from the business transacted. *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.*, 218 Va. 533, 535 (1977). A two step analysis is applicable to see if jurisdiction lies over non-resident defendants because first the transaction of business facts must coincide with those giving rise to the right of action. *City of Virginia Beach v. Roanoke River Basin Assoc.*, 776 F.2d 484 (4th Cir. 1985). It is clear the letters and telephone calls into Virginia discussing settlement possibilities are things occurring after the acts giving rise to plaintiff's cause of action to recover on the note in this case occurred elsewhere.

Even assuming the place of payment provision in the note confers jurisdiction over the defendants, the circum-

stances of the case offend notions of fair play for personal jurisdiction over these defendants, a consideration the Court must regard for constitutional reasons. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1965). Here we have a case which has nothing to do with Virginia except that a noteholder is here relying on a place of payment provision and after-the-fact settlement contacts to confer personal jurisdiction over Washington State residents who executed the note there and who assert they have witnesses in Colorado and California to support their defenses. Plaintiff does not contest defendants' statement of defenses, and it does not dispute that defendants may have to rely on the out-of-state witnesses to support those defenses. The case can be more fairly and efficiently resolved in Colorado, Washington, or California. The Fosters have not purposely availed themselves of the protection and benefits of Virginia law such that they could reasonably foresee themselves confronted with litigation here. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The case can remain on the docket to consider defendants' motion for sanctions under § 8.01-271.1. Counsel for defendants can furnish time records and other information relative to their costs. Mr. Martin can prepare an appropriate sketch for order dismissing the case without prejudice for lack of personal jurisdiction over the defendants noting plaintiff's exceptions and reserving the sanctions question, or the dismissal order can await the outcome of the sanctions question.

### May 22, 1990

[At] the argument on May 8, 1990, [the] defendants brought on their Motion for Sanctions under § 8.01-271.1, Code of Virginia of 1950, as amended. The Court took this motion under advisement after deciding to grant defendant's Special Plea to Jurisdiction in a February, 1990, letter opinion. The focus on this sanctions motion provides an opportunity to amplify the reasons for granting defendants' special plea. The Court decides not to allow sanctions even though the plea was sustained. Each has separate considerations.

To put this motion in perspective, it is necessary to set out briefly again the facts of the case. Plaintiff,

a wholly-owned subsidiary of Investors Savings Bank, brought suit on a note it purchased from a corporation named as original payee. The defendants, husband and wife, signed the note in Washington state where they then and now reside. The note is payable in Colorado and by its terms is governed by the law of that state. It is part of financing for a real estate development in California by a California partnership which has its principal place of business in Colorado. Relying on a provision in the note allowing the noteholder to require payment at such place as may be designated in writing and relying on telephone conversations and letters defendants made into Virginia attempting to resolve the dispute with plaintiff over payment of the note, plaintiff brought suit arguing personal jurisdiction over these defendants. For reasons stated in the letter of February 6, the Court rejected these bases for personal jurisdiction and agreed with defendants that this Court lacked personal jurisdiction over them.

Defendants argue that because, as the Court found, there is utterly no basis for plaintiff's claim of personal jurisdiction, especially as to Mrs. Foster, since she made no contacts by letter or telephone whatsoever, sanctions against plaintiff pursuant to § 8.01-271.1 are in order. Plaintiff argues that sanctions cannot be imposed just because its view of the question turned out to be wrong in this Court's view. Further, plaintiff contends, while there is no law specifically on whether a place of payment provision in a contract involving payment of money confers personal jurisdiction, there is case law which supports personal jurisdiction by operation of another type of contract and cites again the case of *Rossman v. State Farm Mutual Insurance Co.*, 832 F.2d 282 (4th Cir. 1987), this time urging the case is an adequate basis for bringing the case here, enough to avoid sanctions. It is appropriate to examine the pertinent parts of Section 8.01-271.1 which are as follows:

> The signature of an attorney . . . constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing

law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .

If a pleading, motion, or other paper is signed or made in violation of the rule, the court . . . shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

The first inquiry is whether the position plaintiff took is "warranted by existing law," *County of Prince William v. Rau*, 239 Va. 616, (1990). *Rossman* was a declaratory judgment action filed against an Illinois insurance company seeking a determination of whether under its policy the insurer was required to defend an action brought against its insured in Virginia. The written policy provided that the company would defend accidents and losses in the "territory" defined as "the United States, its territories or possessions, Puerto Rico and Canada." The Court found there was a basis for in personam jurisdiction on the ground the insurer could not avoid an action against it here because there was a reasonable expectation it would be called into court when its insured was presented with claims brought where they arose in its "territory." Like the Court found personal jurisdiction based on a contractual provision in *Rossman*, plaintiff asserts the defendants here were under this Court's jurisdiction by their contract to pay where they were told to in Virginia by the holder of the note in this case.

While there is no law cited on a place of payment provision in a promissory note for personal jurisdiction and there is no law cited specifically on facts involving letters and telephone calls into a state for personal jurisdiction, *Rossman* is not good authority for the position

plaintiff asserts on the issue of personal jurisdiction. There is a ready distinction between an automobile insurance company writing policies under a broad territorial definition when very often lawsuits are known to be filed in places where the accident and losses occur and individual persons, like these defendants, who obligate themselves to pay where the holder demands they pay under a place of payment provision without any other purposeful involvement with this state. If not a good basis under existing law, perhaps plaintiff's position can be seen as a good faith argument for the extension of existing law. For purposes of whether sanctions should follow the Court's dismissal of the case, there seems to be some existing law on the point arguably in support of plaintiff's position, enough for plaintiff to pass out of the shadow of Section 8.01-271.1 sanctions.

The Court decides that competent counsel, consistent with statutory and constitutional considerations, could reasonably believe that the place of payment provision in the note here gave a contractual basis for personal jurisdiction controlled by *Rossman*. *See Tullidge v. Bd. of Supervisors of Augusta County*, 239 Va. 611 (1990). It is just that here predominant constitutional considerations hold that a place of payment provision and the other contacts in this case are not enough to reasonably make out an expectation of being called into a court in Virginia, *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Counsel for the parties can prepare an appropriate order or orders for both actions of the Court dismissing the plaintiff's claim and denying sanctions, noting exceptions.