# CIRCUIT COURT OF FAIRFAX COUNTY

Reston Radiology
Associates, P.C.

  v.

Open MRI and
CT White Marsh, L.L.C.

March 21, 2008

Case No. CL-2007-8829

BY JUDGE ROBERT J. SMITH

  This case comes before the Court on the defendant's motion to dismiss for lack of personal jurisdiction. For the reasons that follow, the motion is denied.

  The defendant provides magnetic resonance imaging (MRI) and computed tomography (CT) imaging services in Maryland. The defendant's offices and equipment are located entirely in Maryland. The defendant is not domesticated in Virginia.

  The plaintiff is a Virginia professional corporation located in Fairfax, Virginia. The plaintiff provides radiologist services.

  The parties entered into a Professional Services Agreement (PSA) on or about January 2, 2004. Under the terms of the PSA, the defendant would send all MRIs and CTs to the plaintiff in Virginia to be read by the plaintiff's radiologists. All MRIs and CTs were transmitted electronically. After reading the images, the plaintiff would transmit the reading, again electronically, back to the defendant.

  It is not clear from the motion hearing how many times the defendant sent images to the plaintiff. Certainly it was more than once. Plaintiff has sued the defendant for allegedly violating the terms of the agreement.

The analysis of jurisdiction over a nonresident defendant is a two step process: (1) does the nonresident defendant have sufficient minimum contacts to assert jurisdiction, and (2) if so, would it offend traditional notions of fair play and substantial justice to bring the nonresident defendant into the Virginia Courts?

Defendant MRI cites *Danville Plywood v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800 (1977). In that case, the Virginia Supreme Court found that the Virginia courts did not have jurisdiction over the nonresident defendant. *Danville*, however, is distinguishable.

In *Danville*, the defendant, just like Open MRI, was a foreign corporation not domesticated in Virginia. The order from the defendant was solicited in and written by plaintiff's agent in Pennsylvania. The defendant never sold or offered to sell any of its products in Virginia. The defendant's only presence in Virginia was the technical acceptance of the goods when the goods were shipped F.O.B. from Danville. *Danville*, at 535, 802.

*Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 512 S.E.2d 560 (1999), is more on point with this case. In *Peninsula* the defendant was a Florida corporation. The plaintiff contacted the defendant about purchasing a yacht. Plaintiff's representative went to Florida to inspect the yacht. The parties agreed that the yacht would be delivered to Charleston, South Carolina. However, due to mechanical problems in transit, the yacht ultimately was delivered to the plaintiff in Virginia. *Peninsula*, at 318, 562. The Virginia Supreme Court found that this one transaction was sufficient contact with Virginia to make it reasonable to require the defendant to defend the action in Virginia.

The facts of *Peninsula* are more on point with the facts of this case than the facts in *Danville*. Open MRI "purposefully availed itself of the privilege of conducting activities within this Commonwealth, thereby invoking the benefits and protections of Virginia's laws." *Peninsula*, at 321, 563. Open MRI's "contacts with this Commonwealth make it reasonable for the defendant to be required to defend the plaintiff's action in this State." *Peninsula*, at 321, 564.

I find that Open MRI's contacts with the Commonwealth of Virginia are sufficient to assert jurisdiction and that it would not offend traditional notions of fair play and substantial justice to bring the nonresident defendant into the Virginia courts.

The motion to dismiss for lack of jurisdiction is denied.