828 F.2d 1021
 LOMAH ELECTRONIC TARGETRY, INC., a corporation of Florida,
Plaintiff-Appellant,
v.
ATA TRAINING AIDS AUST. PTY. LTD., a foreign corporation;
John B. Kennelly; Barbara Kennelly; Kemtron
Limited, a foreign corporation,
Defendants-Appellees.
 No. 87-1004.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 4, 1987.
Decided July 30, 1987.
 
 Stanley Clinton Spooner (Stevens, Davis, Miller & Mosher, Thomas P. Pavelko, Alexandria, Va., on brief), for plaintiff-appellant.
 Charles Randolph Wolfe, Jr. (Bacon & Thomas, Alexandria, Va., on brief), for defendants-appellees.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and WISDOM, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 This appeal presents a question arising under the provision of Virginia's long-arm statute that permits a court to exercise personal jurisdiction over a person who, acting directly or through an agent, causes tortious injury by an act or omission in Virginia. The district court ruled that plaintiff did not allege a tort committed in Virginia; hence the court lacked jurisdiction over the case. As to some defendants, we think differently. We affirm in part and reverse in part and remand for further proceedings.
 
 I.
 
 2
 The facts are drawn from the allegations of the complaint supplemented by affidavits filed by defendants conceding operative facts. We accept them as established for purposes of deciding this appeal.
 
 
 3
 Plaintiff, Lomah Electronic Targetry, Inc. (Lomah), is a Florida corporation with its principal office in Florida. There are four defendants: (1) ATA Training Aids Aust. Pty. Ltd. (ATA), an Australian corporation having its principal office in Australia, (2) John B. Kennelly, an Australian citizen residing in Florida, who is president of ATA, (3) Barbara Kennelly, another Australian citizen, the wife of John B. Kennelly, who also resides in Florida and who was secretary-treasurer of Lomah, and (4) Kemtron, Limited (Kemtron), an Australian corporation having its principal office in Australia.
 
 
 4
 Lomah was the assignee of a number of patents and at least one pending application. Prior to August 1985, John B. Kennelly was a director and president of Lomah and Barbara Kennelly was secretary-treasurer. On August 16, 1985, both were removed from their offices and others were elected to succeed them.
 
 
 5
 In December, 1985, John B. Kennelly was president of ATA, and, representing that he was still president of Lomah, executed a document which purported to assign from Lomah to ATA the patents and pending application which were the property of Lomah. This transaction occurred in Colorado. Barbara Kennelly signed the assignment as a witness, knowing that John B. Kennelly had no authority to transfer these assets. John B. Kennelly, employing the services of an attorney in Virginia and acting as an officer of ATA, caused the assignment to be recorded in the United States Patent and Trademark Office in Arlington, Virginia, located in the Eastern District of Virginia. John B. Kennelly, allegedly as president of Lomah, claimed that he was paid $5,000 for the assignment, but he has never accounted for the sum to Lomah. At a later date, Kemtron, of which John B. Kennelly is a stockholder, indicated that it had purchased rights in the patents even though it had actual notice that ATA possessed no rights in them. ATA's subsequent sale of patent rights to Kemtron was a transaction negotiated and consummated in Australia.
 
 II.
 
 6
 In relevant part, Virginia's long-arm statute provides:
 
 
 7
 A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
 
 
 8
 ....
 
 
 9
 3. Causing tortious injury by an act or omission in this Commonwealth ...
 
 
 10
 Va.Code Sec. 8.01-328.1(A). Because the district court viewed the complaint as alleging only a tort stemming from a fraudulent assignment which it viewed as having been committed somewhere other than in Virginia, it concluded that the quoted portion of the Virginia statute was inapplicable and jurisdiction could not be exercised over any defendant. We think otherwise with respect to defendants ATA and John B. Kennelly.
 
 
 11
 As to these defendants, we think that the complaint alleges the tort of slander of title. "Slander of title" or "injurious falsehood" is a separate common law tort distinct from the tort of fraud in making an assignment. It consists of untruthful disparagement of title. Although there is no authoritative Virginia precedent, the federal district courts in both districts of Virginia have concluded that the tort is recognized by the law of Virginia. See General Products Company, Inc. v. Meredith Corporation, 526 F.Supp. 546, 553 n. 9 (E.D.Va.1981); Warren v. Bank of Marion, 618 F.Supp. 317, 320 (W.D.Va.1985). The conclusions of these two courts are in accord with the views of Prosser and Keeton, The Law of Torts, Sec. 128, pp. 962-67 (5th Ed.1984) and the weight of authority elsewhere. See Annotation, 39 A.L.R.2d 840, 843 (1955). Prosser and Keeton state that intangible interests such as "trade marks, copyrights [and] patents" may be the subject of the tort. Id. Slander of title is committed by the recordation of a false or fraudulent assignment.
 
 
 12
 It should be noted that the portion of the Virginia long-arm statute with which we are concerned authorizes the exercise of jurisdiction over a defendant who alone or by an agent commits an act in Virginia causing tortious injury. Accepting as true the well-pleaded allegations of the complaint as supplemented by the parties' concessions, we think that the complaint alleges that John B. Kennelly, individually and as an officer of ATA, slandered Lomah's title to its patents and pending application for a patent by employing counsel in Virginia to record in Virginia an allegedly fraudulent and unauthorized assignment. Acting through Kennelly, ATA was also a tortfeasor whose conduct in Virginia allegedly caused tortious injury to plaintiff.
 
 
 13
 As the pleadings and concessions of the parties now stand, we do not think that jurisdiction may be presently exercised over Barbara Kennelly or Kemtron. While each is alleged to have played some role in the fraud allegedly perpetrated on Lomah, there is no allegation that either took part in the recordation of the assignment in Virginia, in employing or instructing counsel in Virginia, or in any other act which occurred in Virginia. We do not foreclose the possibility that on remand Lomah will be in a position to amend its complaint to allege some basis for jurisdiction over them, but we do not think that a proper basis for jurisdiction has yet been alleged.
 
 
 14
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.