James Edward **EARLY** and Loretta Early, Plaintiffs,

v.

**TRAVEL LEISURE CONCEPTS, INC.,** Defendant and Third-Party Plaintiff,

v.

Clyde Anthony **TAYLOR** and Vana Taylor and C.I. Travel Centers, Division of Cruise Ventures, Inc., Defendants.

Civ. A. No. 87–18–NN.

United States District Court, E.D. Virginia, Newport News Division.

Sept. 14, 1987.

Kevin P. Shea, Hampton, Va., Stephen E. Story, Kaufman and Canoles, Norfolk, Va., for Clyde Anthony Taylor and Vana Taylor.

Donald J. Serkin, Nashville, Tenn., and Charles E. Payne, Boyd, Payne, Gates & Farthing, Norfolk, Va., for C.I. Travel Centers.

Forrest A. Nester, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for Travel Leisure Concepts, Inc.

## ORDER AND OPINION

DOUMAR, District Judge.

Asserting diversity jurisdiction under 28 U.S.C. § 1332, plaintiffs brought this action against Travel Leisure Concepts, Ltd. (TLC) for alleged personal injuries sustained while vacationing at Sunflower Villas, a Jamaican hotel. Claiming that this Court has *in personam* jurisdiction under Virginia's long-arm statute, TLC impleaded the owners of Sunflower Villas, Clyde and Vana Taylor, claiming a right to indemnity or contribution. This case is before the Court on the Taylors' motion to dismiss the third party complaint for lack of personal jurisdiction over them. For the reasons stated below, the third party complaint is DISMISSED.

## I. FACTS.

The third party complaint alleges that on February 8, 1985, plaintiff Loretta Early was assaulted on the premises of the Sunflower Villas hotel in Jamaica. As a result of this assault, suit was brought against TLC, Inc., based on TLC's failure to give notice and warning of a dangerous condition. TLC denied any knowledge of the dangerous condition and impleaded the owners of Sunflower Villas.

The owners of Sunflower Villas, Clyde and Vana Taylor, are citizens and residents of Jamaica. The Taylors operate their hotel in Jamaica and have no agents or employees located within Virginia. The Taylors have not conducted or transacted any business in Virginia. The Taylors' sole contact with Virginia is its contract with TLC, a Tennessee corporation, pursuant to which travel agents in Virginia are able to reserve rooms at Sunflower Villas as a part of travel packages.

## II. DISCUSSION.

When personal jurisdiction is sought pursuant to the long-arm statute, a two step analysis is employed: "(1) whether asserting in personam jurisdiction over the defendant is contemplated by the statute, and (2) if so, whether to assert jurisdiction would violate the [D]ue [P]rocess [C]lause of the [f]ourteenth [a]mendment." *United Coal Co. v. Land Use Corp.*, 575 F.Supp. 1148, 1153 (W.D.Va.1983) (quoting *Viers v. Mounts*, 466 F.Supp. 187, 189–90 (W.D.Va. 1979)).

The third party plaintiffs argue that this Court has personal jurisdiction over the Taylors pursuant to paragraph three of the long-arm statute. Va.Code § 8.01–328.1 A 3. This section provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's.... 3. Causing tortious injury by an act or omission in this Commonwealth ..." *Id.*

In this case, jurisdiction is not available under paragraph three of the statute because the alleged omission relied upon by the third party plaintiffs did not occur in this Commonwealth.

Third party plaintiff asserts that the Taylors had a duty to warn potential Virginia customers, and that failure to warn constitutes an *"omission in this Commonwealth"* which caused tortious injury. Third party plaintiff's Memorandum in Opposition to Motion to Dismiss, *Early v. Travel Leisure*, No. 87–18–NN (E.D.Va. Aug. 21, 1987) at 4. However, this "presence" in the Commonwealth is, at best, tenuous.

The Taylors' only duty, if any, was to transmit a warning from Jamaica to Virginia customers by a writing of some kind. It is argued that failure to initiate such a communication in Jamaica constitutes an omission within Virginia within the meaning of paragraph three of the Virginia long-arm statute. The Court declines to draw such a conclusion.

Paragraph three of the statute does not contemplate the exercise of personal jurisdiction over a nonresident whose tortious omission, if any, was only technically within the Commonwealth. *Moncrief v. Lexington Herald-Leader Co.*, 631 F.Supp. 772, 773 (1985) *aff'd*, 807 F.2d 217 (D.C.Cir. 1986); *Davis v. Costa-Gavras*, 580 F.Supp. 1082, 1087 (S.D.N.Y.1984); *Darden v. Heck's, Inc.*, 459 F.Supp. 727, 732 (W.D.Va. 1978) (dicta); *cf. Margoles v. Johns*, 483 F.2d 1212 (D.C.Cir.1973); *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800 (1977). The *Davis* court construed paragraph three of Virginia's long-arm statute after a change of venue from the Eastern District of Virginia. The court held that sending two allegedly libelous books and a cassette into Virginia was not an act within the Commonwealth, notwithstanding the fact that publication is an element of the tort alleged in that case. The court indicated that

> [j]urisdiction under paragraph three of Virginia's long-arm statute cannot be predicated solely on an extraterritorial act causing an effect in the state, but must be tied to some act by the defendant within the Commonwealth. Moreover, an act does not confer jurisdiction if it can only technically be said to have transpired in Virginia.

*Davis*, 580 F.Supp. at 1087 (citations omitted). In *Davis*, even though these allegedly defamatory materials were received in Virginia, the significant causal act was mailing the books and cassette, which occurred outside Virginia. Accordingly, the statute did not confer personal jurisdiction over the nonresident defendants.

Likewise, in *Margoles*, the District of Columbia Circuit Court applied a provision of the District of Columbia long-arm statute identical to Virginia's paragraph three. The *Margoles* court held that a libelous telephone call initiated in Wisconsin and received in the District of Columbia was not an act within the District under the long-arm statute. The Court indicated that

> [t]he 'act,' of course, is the act of the alleged tortfeasor—here that act, uttering defamatory statements, occurred in Wisconsin. Nothing can change that fact.... Unless we wish to delve into a magical mystery *tour of* 'projecting presences,' we must find that no jurisdiction can be afforded by virtue of section (a)(3).

*Margoles*, 483 F.2d at 1218. As in *Davis*, no jurisdiction was conferred because the significant act occurred outside the jurisdiction and the nonresident could be said to have acted within the jurisdiction only in a technical sense.

In the present case, the significant omission, if there was one, was the Taylors' failure to mail a warning circular *from Jamaica*. As in *Davis* and *Margoles*, the non-resident defendants in this case were never *really* present in the Commonwealth. Paragraph three of the long-arm statute was not intended to be applied to such a situation and cannot confer jurisdiction.

That the legislature did not intend the long-arm statute to be given such a broad and expansive construction is underscored by its clearly manifested intent to restrain the operations of the long-arm statute to the limits of due process. *Darden v. Heck's, Inc.*, 459 F.Supp. 727, 731–32 (W.D. Va.1978). While a broader reading of the statute might allow its application to a purely metaphysical presence in the Commonwealth, such a construction would violate due process. Since the Jamaican defendants have never been to Virginia, to force them to defend in Virginia pursuant to a hypertechnical interpretation of paragraph three of the long-arm statute would "offend 'traditional notions of fair play and substantial justice'." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Court finds that it has no personal jurisdiction over the third party defendants. Accordingly, the third party complaint against the Taylors is DISMISSED.

IT IS SO ORDERED.