**James Edward EARLY and Loretta Early, Plaintiffs,**

v.

**TRAVEL LEISURE CONCEPTS, INC., Defendant.**

**Civ. A. No. 87–18–NN.**

United States District Court, E.D. Virginia, Newport News Division.

Oct. 6, 1987.

---

Kevin P. Shea, Hampton, Va., for plaintiffs.

Forest A. Nester, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for defendant.

## ORDER AND OPINION

DOUMAR, District Judge.

Asserting diversity jurisdiction under 28 U.S.C. § 1332, plaintiffs brought this action against Travel Leisure Concepts, Ltd. (TLC) for alleged personal injuries sustained while vacationing at Sunflower Villas, a Jamaican hotel.

TLC has moved the Court for summary judgment and to dismiss this case upon grounds of *forum non conveniens.* Because the plaintiff has not filed affidavits, the Court will not rule on the motion for summary judgment. This order pertains only to the motion to dismiss. For the reasons stated below this case is DISMISSED.

### I. FACTS.

This case arises out of the rape of plaintiff, Mrs. Early, while she and her husband were honeymooning in Jamaica. Defendant, TLC, a Tennessee corporation, reserved a block of rooms at a Jamaican hotel and offered them, as part of travel packages, to people around the country through local travel agencies. The assault underlying this suit occurred while the plaintiffs were staying at this Jamaican hotel pursuant to a travel package offered by TLC. The actual assault occurred off the hotel property but at a nearby beach frequented by hotel guests.

Plaintiffs have asserted in their complaint that TLC is liable to them for the personal injuries and mental anguish resulting from the assault in Jamaica because TLC allegedly knew through an agent of a dangerous condition in the vicinity of this Jamaican hotel and failed to give any warning. More particularly, plaintiffs allegedly asked an agent of TLC at the hotel if it was okay or safe to walk (or some similar words) or go on the beach in a particular area, and whether there was adequate security near the vicinity of the hotel. TLC's agent allegedly indicated the condition was safe.

The principal factual and legal issues which will determine the outcome of this case are whether a dangerous condition existed; whether TLC had any actual or constructive knowledge of any dangerous condition; whether TLC had a duty to warn under Jamaican law; and whether any such duty to warn was breached.

### II. DISCUSSION.

The parties agree that substantive Jamaican law controls this case. However, United States federal law controls the outcome of this motion.

When *forum non conveniens* is asserted, the Court must presume the plaintiff's choice of his or its home forum to be convenient. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of sound discretion, dismiss the case.

*Id.* at 241, 102 S.Ct. 264 (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

Within this analytical framework, the *Koster* Court provided a list of salient factors to guide trial courts in evaluating the convenience of the forum. This list breaks down into "private interest factors" and "public interest factors."

■ In the present case, the private interest factors mitigate strongly in favor of dismissal. Because this case focuses on an event which occurred in Jamaica and an alleged dangerous condition within Jamaica, most of the witnesses relevant to liability are in Jamaica and beyond the compulsory process of this Court. While the Virginia plaintiffs witnessed the assault, all witnesses pertaining to the actual or known dangerousness of the area around the hotel and security at the hotel are in Jamaica. Indeed, some witnesses whose testimony would be probative to the issue of damages are located in Virginia. In addition, the defendants may have a right to contribution from the hotel owners in Jamaica who ran and managed the hotel and its security. Because this Court lacks personal jurisdiction over the hotel operator, they cannot be impleaded in this forum. *Early v. Travel Leisure Concepts, Inc.*, 669 F.Supp. 130 (E.D.Va.1987) (order dismissing third party defendants).

Public interest factors, on the other hand, mitigate against dismissal. The injured plaintiffs are Virginia residents and the defendant is a Tennessee corporation, which did this business in Virginia. Virginia has a substantial interest in providing a remedy for its injured plaintiffs and in policing the conduct of corporations doing business by selling travel packages within its borders.

However, trial in this forum would also present substantial administrative and legal problems for the Court. It would be extremely difficult for this Court to execute its judicial function to administer justice when the balance of the liability witnesses are beyond the process of this Court since they are located many hundred miles away in Jamaica, where the incident took place. While the plaintiff has suggested that the Jamaican witnesses could be readily deposed, the Court cannot compel or otherwise be assured that the Jamaicans will attend depositions. Moreover, trial by deposition deprives the jury of the opportunity accurately to observe and evaluate witnesses, thus diluting the effectiveness of our adversary system, especially where the plaintiffs themselves are their own main witnesses and are present. The defendants, on the other hand, must depend upon witnesses who are in Jamaica and not their employees. In addition, the Court does not have ready access to the applicable substantive Jamaican law.

The parties agreed that the Jamaican court system is of English common law descent and closely related to the United States' system. The defendant has stated, in open court, that it would submit itself to the personal jurisdiction of the Jamaican court should this case be dismissed for *forum non conveniens*. Clearly, the Jamaican court has subject matter jurisdiction over this case. The Jamaican court would also have ready access to the Jamaican witnesses and Jamaican law.

After balancing and carefully weighing all of the foregoing factors, the Court is particularly concerned that because key witnesses are not accessible here, the defendant will not have a fair opportunity to defend this suit should it proceed in this Court. Moreover, the people primarily responsible for the conditions, namely the hotel owners, are not present in this jurisdiction. The Court finds that continued proceedings before this Court would be oppressive and vexatious to defendant out of proportion to plaintiffs' inconvenience re-

sulting from dismissal. In addition, the Court finds that Jamaican courts have jurisdiction over this action. Accordingly, this Court utilizes its discretion and invokes the doctrine of *forum non conveniens*.

Therefore, this case is DISMISSED without prejudice to its being refiled in Jamaica.

IT IS SO ORDERED.