40 F.3d 1243
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eleanor Carson BOOTH, Plaintiff-Appellant,
v.
Aurell H. LEAF; Cecilia Leaf, Defendants-Appellees,
and Diana Baughman, Defendant.
 No. 94-1084.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 4, 1994.
Decided Nov. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-93-211-3)
 Wayne L. Emery, Wilkins, Davison & Emery, Warsaw, Va., for appellant.
 James C. Breeden, Rumsey, Breeden, Hubbard, Bugg & Terry, Irvington, Va.; Philip B. Morris, James W. Walker, Morris & Morris, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON, WILLIAMS, and MICHAEL,
 OPINION
 PER CURIAM:
 
 
 1
 Eleanor Carson Booth filed this action against Aurell and Cecilia Leaf and based jurisdiction on diversity of citizenship.[1] 28 U.S.C. Sec. 1332(a). Aurell and Cecilia Leaf each moved to dismiss the complaint for lack of personal jurisdiction. The district court held that Aurell Leaf had not waived his right to assert the lack of personal jurisdiction defense, granted the motions, and dismissed the case without prejudice for lack of personal jurisdiction. We affirm.
 
 I.
 
 2
 Booth raises two issues on appeal. First, she argues that Aurell Leaf waived his right to challenge the court's jurisdiction over him. For the reasons stated by the district court, we agree that Aurell Leaf did not waive his right to assert the defense of lack of personal jurisdiction.
 
 
 3
 Next, Booth contends that the district court erred in dismissing her case for lack of personal jurisdiction over the Leafs. She bears the burden of demonstrating jurisdiction once its existence has been questioned. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir.1993). The district court's conclusions on this issue which are based on legal precepts are reviewed de novo while those resting on factual findings are reviewed for clear error. Id. at 60.
 
 
 4
 A federal court sitting in diversity has personal jurisdiction over a nonresident defendant if (i) an applicable long-arm statute confers jurisdiction; and (ii) the assertion of that jurisdiction is consistent with constitutional due process. Ellicott Mach. Corp. v. John Holland Party, Ltd., 995 F.2d 474, 477 (4th Cir.1993); Blue Ridge Bank v. Veribanc, Inc., 755 F.2d 371, 373 (4th Cir.1985). Virginia's long-arm statute extends personal jurisdiction to the full extent permitted by due process. English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir.1990); Peanut Corp. of Am. v. Hollywood Brands, Inc., 696 F.2d 311, 313 (4th Cir.1982). The long-arm statute provides that Virginia courts may exercise personal jurisdiction over, inter alia,
 
 
 5
 a person, who acts directly or by an agent, as to a cause of action arising from the person's:
 
 
 6
 ...
 
 
 7
 3. Causing tortious injury by an act or omission in this Commonwealth;
 
 
 8
 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.
 
 
 9
 Va.Code Ann. Sec. 8.01-328.1(A)(3),(4) (Michie 1992).
 
 
 10
 Booth argues that Sec. 8.01-328.1(A)(3) confers jurisdiction over the Leafs because she was injured when Baughman republished the defamatory statements sent to her by the Leafs and because Baughman was the Leafs' de facto agent since they condoned, instigated, or should have reasonably anticipated the republication.[2] Under Sec. 8.01-328.1(A)(3), jurisdiction " 'must be tied to some act by the defendant within the Commonwealth.' " Early v. Travel Leisure Concepts, Inc., 669 F.Supp. 130, 132 (E.D. Va.1987) (quoting Davis v. Costa-Gavras, 580 F.Supp. 1082, 1087 (S.D.N.Y.1984)). However, Sec. 8.01-328.1(A)(3) does not grant jurisdiction over a person who wrote and mailed an allegedly defamatory letter outside Virginia. Early, 669 F.Supp. at 132; Davis, 580 F.Supp. at 1087; St. Clair v. Righter, 250 F.Supp. 148, 151 (W.D.Va.1966), disapproved on other grounds, Beaty v. M. S. Steel Co., 401 F.2d 157, 160-61 (4th Cir.1968), cert. denied, 393 U.S. 1049 (1969). Therefore, we find that Booth did not establish personal jurisdiction over the Leafs pursuant to this section.
 
 
 11
 In order for Booth to establish jurisdiction over the Leafs pursuant to Sec. 8.01-328.1(A)(4), she must meet two requirements: (i) a tortious injury in Virginia caused by an act or omission outside of Virginia; and (ii) a relationship between the Leafs and Virginia which exists because the Leafs regularly do or solicit business in Virginia, engage in any other persistent course of conduct in Virginia, or derive substantial revenue from goods used or consumed or services rendered in Virginia. See Blue Ridge Bank, 755 F.2d at 373. We find that Booth has met the first requirement. See First Am. First, Inc. v. National Ass'n of Bank Women, 802 F.2d 1511, 1514 (4th Cir.1986).
 
 
 12
 As for the second requirement, although Virginia's long-arm statute has been extended to the limits of due process, English & Smith, 901 F.2d at 38, jurisdiction under Sec. 8.01-328.1(A)(4) requires this Court to find that the specific statutory requirements are met "even in those situations where it could plausibly be argued that a lesser standard would meet due process." Willis v. Semmes, Bowen & Semmes, 441 F.Supp. 1235, 1243 (E.D. Va.1977). In determining what conduct constitutes a "persistent course of conduct," the court in Willis concluded that "[a]t a minimum, the plaintiff must prove that the defendant maintained some sort of ongoing interactions with the forum state." Id. at 1242.
 
 
 13
 We find that the Leafs' contacts with Virginia do not amount to "ongoing interactions with the forum state." Aurell Leaf's interaction with Virginia stemmed from his writing the allegedly defamatory letter, visiting Virginia when he was subpoenaed to testify in a suit brought against Booth by her husband, receiving officer training with the United States Marine Corps many years ago, and driving through Virginia while travelling to other destinations. Cecilia Leaf's interaction with Virginia was her mailing of the letter to Baughman. Further, Baughman stated that the Leafs repeated the defamatory statements to her over the telephone two or three times. These contacts do not amount to "ongoing interactions" with Virginia. Cf. Blue Ridge Bank, 755 F.2d at 373-74; Robinson v. Egnor, 699 F.Supp. 1207, 1211-13 (E.D. Va.1988). Because Booth failed to meet the statutory requirements, we need not decide whether jurisdiction over the Leafs comports with due process. See Ellicott Mach. Corp., 955 F.2d at 477.
 
 II.
 
 14
 Accordingly, we affirm the district court's order dismissing Booth's complaint for lack of personal jurisdiction over the Leafs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Booth's cause of action arose from the Leafs' alleged defamation. In her complaint, Booth stated that Aurell Leaf sent Diana Baughman a memorandum he had written to a Florida law enforcement agency which contained defamatory statements about Booth committing attempted murder and aggravated assault and battery. Booth claimed that Baughman republished the memorandum in Virginia by showing it to other people and by communicating it to others over the telephone
 Booth filed another diversity action in the district court against Baughman based on the same facts alleged in this case. The court consolidated Booth's cases against Aurell and Cecilia Leaf and Baughman but deconsolidated them after granting the Leafs' motions to dismiss so this appeal could follow.
 
 
 [2]
 Booth cites Lomah Electronic Targetry, Inc. v. ATA Training Aids Aust. Pty. Ltd., 828 F.2d 1021 (4th Cir.1987), and Krantz v. Air Line Pilots Ass'n, International, 427 S.E.2d 326 (Va.1993), as support for her argument. We find neither case persuasive