# CIRCUIT COURT OF THE CITY OF NORFOLK

Myrtle May Pierce

v.

First Healthcare Corp., et al.

October 31, 1997

Case No. (Law) L97-279

BY JUDGE EVERETT A. MARTIN, JR.

By an amended motion for judgment, the plaintiff has sued the defendants for medical malpractice. Defendants Dr. Robert Scharstein and Carolina Associates in Imaging, Inc., have moved the Court to dismiss them as defendants for want of personal jurisdiction and to quash service of process. The plaintiff claims this court has jurisdiction over them pursuant to Code of Virginia § 8.01-328.1(A)(1), (3), and (4).

The amended motion for judgment alleges that Dr. Scharstein is a radiologist who practices in South Carolina with Carolina Associates, a South Carolina corporation. The plaintiff alleges she fell while a patient at Hillhaven, a facility owned by defendant First Healthcare Corporation, and that, as a result of her fall, defendant American X-Rays took an x-ray of her right knee on February 9, 1996. She further alleges that American X-Rays transmitted the x-ray by some electronic mechanism to Dr. Scharstein in South Carolina. Shortly after transmitting the x-ray, Angela Robbins, American X-Ray's technician at Hillhaven, called Dr. Scharstein for and received a preliminary report. Thereafter, Dr. Scharstein dictated his findings to American X-Rays in Kansas. American X-Rays then typed the report and faxed it to Ms. Robbins at Hillhaven. The written report identified the patient by name and the facility as "Hillhaven of Virginia Beach." The plaintiff alleges Dr. Scharstein negligently misinterpreted the x-ray, causing her further injury. Dr. Scharstein admits he knew the x-ray in question was of a patient in Virginia.

Dr. Scharstein is not licensed to practice medicine in Virginia. Neither he nor Carolina Associates has an office in Virginia, and neither has entered Virginia in connection with this or any other x-ray.

Carolina Associates contracted on October 16, 1995, to provide radiological services to American X-Rays. American X-Rays contracted to provide mobile x-ray services to First Healthcare's Hillhaven facility. All payments made to Dr. Scharstein and Carolina Associates for the review of x-rays came from American X-Rays in Kansas; First Healthcare, in turn, paid American X-Rays.

For this court to have jurisdiction over Dr. Scharstein and Carolina Associates, their actions must be within one of the nine paragraphs of Code § 8.01-328.1(A), and the assertion of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment of the federal Constitution. I conclude this court has jurisdiction over the defendants under paragraph (4) of the long-arm statute and that the assertion of jurisdiction does not violate due process.

The defendants concede that the actions they are alleged to have taken outside Virginia caused tortious injury in Virginia. They deny that any other condition of the paragraph is met. I agree that they have not regularly done or solicited business in Virginia, and no evidence indicates that they have derived substantial revenue from services rendered in Virginia. I conclude, however, that they have engaged in a persistent course of conduct in Virginia.

Ms. Robbins testified that she had electronically transmitted x-rays to Dr. Scharstein and called him for preliminary reports "many times," and, specifically, more than twenty times before his review of the x-ray in question on February 9, 1996. Tr. p. 21, 1. 7 to p. 22, 1. 16. Dr. Scharstein never initiated any of the telephone calls. Even so, since the contract between Carolina Associates and American X-Rays was made on October 16, 1995, Dr. Scharstein had rendered more than twenty diagnoses for Virginia patients in less than four months.

Judicial construction of "persistent course of conduct" is scarce. Federal courts have construed it to require that "at a minimum the plaintiff must prove that defendant maintained some sort of ongoing interaction" with Virginia. *Blue Ridge Bank v. Veribanc*, 755 F.2d 371, 374 (4th Cir. 1985); *Willis v. Semmes, Bowen & Semmes*, 441 F. Supp. 1235, 1242 (E.D. Va. 1977); *Robinson v. Egnor*, 699 F. Supp. 1207, 1211-12 (E.D. Va. 1988); *DeSantis v. Hafner Creations*, 949 F. Supp. 419, 426 (E.D. Va. 1996). Rendering over twenty diagnoses to Virginia patients in a period of less than four months is an "ongoing interaction" with Virginia and a "persistent course of conduct" in Virginia.

Having found jurisdiction under paragraph (4), I need not decide if jurisdiction exists under paragraphs (1) or (3).

The U. S. Supreme Court has given different formulations about the meaning of due process in this context. The assertion of jurisdiction must "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant must by some act "purposefully avail itself of the privilege of conducting activities within the forum states." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The defendant by his conduct and connection with the forum state "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Dr. Scharstein has rendered diagnoses to more than twenty Virginia patients in less than four months. He knew the patients were in Virginia. He knew the patients' treating physicians in Virginia would rely on his diagnoses in the care of their patients. Thus his diagnoses were directed in their intended effect at the activities in Virginia of the treating physicians. In addition, the cause of action asserted here arises directly out of the defendants' contacts with Virginia; all of the alleged damage occurred in Virginia; and Virginia has a strong interest in protecting its citizens from medical malpractice.

Dr. Scharstein has purposefully availed himself of the privilege of conducting activities in Virginia. He certainly could reasonably anticipate being sued here for a misdiagnosis. This court's assertion of jurisdiction in these circumstances does not offend traditional notions of fair play and substantial justice.

These defendants seek to quash service of process because, they allege, it was sent to them at the wrong addresses. Dr. Scharstein also claims he never received a copy of any of the papers in this case. In addition, Carolina Associates claims Dr. Scharstein has never been its registered agent.

Code § 8.01-329 authorizes service in any manner provided in Code § 8.01-285 *et seq*. Code § 8.01-288 provides that process that has timely reached the person to whom it is directed is sufficient although not served as provided in the chapter. Both defendants have made special appearances by counsel to contest jurisdiction in this action. Thus process has certainly reached them.