**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID STEIN,
<u>Plaintiff-Appellant,</u>

v.                                                            No. 98-2474

REBECCA HORWITZ,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-98-948-MJG)

Submitted: June 1, 1999

Decided: September 13, 1999

Before ERVIN, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Peter Michael Callegary, CALLEGARY & CALLEGARY, Balti-
more, Maryland, for Appellant. David B. Applefeld, John Catizone,
GOLDBERG, PIKE & BESCHE, P.C., Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

After his original suit was dismissed for lack of personal jurisdiction, David Stein again filed suit against Rebecca Horwitz for injuries Stein received as a result of an April 1995 vehicular accident allegedly due to Horwitz's negligence. Stein and Horwitz were both students at Johns Hopkins University in Baltimore at the time of the accident. Although Stein is a Maryland resident, Horwitz left Maryland after she graduated from the university in 1996, and is now a resident of either California or New York.[1] The district court dismissed the action for lack of personal jurisdiction.

Stein bears the burden of establishing that personal jurisdiction exists. See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). A federal court sitting in diversity possesses personal jurisdiction over a nonresident defendant if: (1) an applicable long-arm statute confers jurisdiction; and (2) the assertion of that jurisdiction is consistent with constitutional due process. See Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Blue Ridge Bank v. Veribanc, Inc., 755 F.2d 371, 373 (4th Cir. 1985). With regard to the first consideration, federal courts must accept as binding the interpretation of Maryland's long-arm statute rendered by the Maryland Court of Appeals. See Mylan Labs., Inc. , 2 F.3d at 61. With regard to the second consideration, a court's exercise of personal jurisdiction over a nonresident defendant is consistent with the Due Process Clause if the defendant has sufficient "minimum contacts" with the forum state such that requiring the defendant to defend her interests in the forum state "does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); see Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 942 (4th Cir. 1994). The minimum contacts prong focuses on whether "the defendant has created a substantial connection to the forum state

_____

[1] The complaint alleged that Horwitz is a resident of California. However, Horwitz maintains that she is a resident of New York state. We need not resolve the matter; what is significant for present purposes is that Horwitz is not a Maryland resident.

by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state." Lesnick, 35 F.3d at 945-46. This court reviews a dismissal for lack of personal jurisdiction de novo. See Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998).

Stein contends that the following sections of Maryland's long-arm statute confer jurisdiction over Horwitz:

> A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services or manufactured products in the State; [or] . . .
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State. . ..

Md. Cts. & Jud. Proc. § 6-103(b)(4) (1998). Stein argues that the relevant time frame for assessing whether these statutory sections were satisfied is the time of the accident, and he asserts that Horwitz's connections to Maryland as of April 1995 satisfy the statutory conditions.

We find that the district court does have personal jurisdiction over Horwitz in this case. As to Maryland's long-arm statute, we find that the district court erred in focusing exclusively on whether Horwitz had contacts with Maryland at the time the suit was filed.[2] Under

_____

[2] The purpose of Maryland's long-arm statute is to expand Maryland's exercise of personal jurisdiction to the limits allowed by the Due Process Clause, and it is therefore permissible to collapse the two-step personal jurisdiction inquiry into a single analysis. See Ellicott Mach. Corp., 995 F.2d at 477. However, because the issue of the timing of the assessment of a defendant's contacts with the forum state is slightly different under Maryland's long-arm statute and the Due Process Clause, we find it useful in this instance to retain the two-step inquiry.

3

Maryland law, either Horwitz's activities in Maryland at the time of the accident, or her Maryland activities at the time this suit was filed, may satisfy the conditions of section (4) of Maryland's long-arm statute. Cf. Power Conversion, Inc. v. Saft America, Inc., 672 F. Supp. 224, 229-30 (D. Md. 1987) ("The fact that plaintiff left Maryland . . . is not, however, dispositive, since here defendant was a resident of the State at the time of the cause of action arose ... though it occurred elsewhere, [the action] bore a substantial relationship to the State." (internal quotation marks omitted)); McLaughlin v. Copeland, 435 F. Supp. 513, 527 n.9 (D. Md. 1977) ("The activities amounting to a persistent course of conduct may occur before the tortious conduct or after." (citations omitted)). As of April 1995, Horwitz was living in Maryland while attending Johns Hopkins University. [3] She therefore conducted fairly significant activities within the state that would satisfy at least section (4) and perhaps section (1) of Maryland's long-arm statute.[4]

As to the due process considerations, we assess Horwitz's contacts with Maryland at the time of the accident. See Steel v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987); cf. Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 287 n.2 (4th Cir. 1987); Connecticut Aircraft Corp. v. Smith, 574 F. Supp. 626, 630 (D. Conn. 1983). Horwitz was attending Johns Hopkins University in Baltimore in April 1995, and as a result had relatively significant contacts with the state. We find that such contacts created "a substantial connection" to Maryland such that asking Horwitz to defend her interests in Maryland does not "offend traditional notions of fair play and substantial

_____

[3] We express no opinion as to whether Horwitz was a citizen of Maryland while she attended college.

[4] The record does not conclusively disclose that Horwitz contracted to supply any goods or services while in Maryland, and therefore it is not clear whether she satisfied section (2) of the long-arm statute. It is possible that Stein relied on this provision because he thought that Horwitz was employed by Johns Hopkins University. However, Horwitz contends that she was only a volunteer in the athletic department rather than an employee of the university. Because these facts are in dispute, we express no opinion as to whether section (2) confers personal jurisdiction over Horwitz.

justice." <u>International Shoe</u>, 326 U.S. at 316; <u>Lesnick</u>, 35 F.3d at 945-46.**5**

Horwitz alternatively moved the district court to dismiss Stein's suit for improper venue and because the action was dismissed previously for lack of personal jursidiction. Because we find the district court erred in dismissing for lack of personal jurisdiction, Horwitz would now urge this court to affirm the dismissal on the alternate ground of improper venue. However, the district court may transfer the case if it has been filed in an improper venue or if it is in the interest of justice, and the district court did not consider the venue issue in its opinion. <u>See</u> 28 U.S.C.A. § 1406 (West 1993 & Supp. 1999). Furthermore, the district court did not address the question of whether the action was barred because of the earlier dismissal. We decline to address these questions until the district court has an opportunity to do so.

Accordingly, we vacate the district court's order dismissing this case for lack of personal jurisdiction and remand for further proceedings. We dispense with oral argument because the facts and legal con-

_____

**5** We disagree with Horwitz's argument that <u>Geelhoed v. Jensen</u>, 352 A.2d 818 (Md. 1976), supports the result reached by the district court. In <u>Geelhoed</u>, a Maryland resident plaintiff-husband sued a non-resident defendant for having sexual relations with plaintiff's wife. <u>See id.</u> at 820. The defendant had lived in Maryland for two years, during which time he became acquainted with plaintiff's wife. <u>See id.</u> However, he had moved to another state by the time the suit was filed. <u>See id.</u> The Maryland Court of Appeals held that it possessed general personal jurisdiction over the defendant. <u>See id.</u> at 824-25. Horwitz attempts to distinguish <u>Geelhoed</u> from her own situation by arguing that the tortious act at issue in <u>Geelhoed</u>, sexual relations, occurred in Maryland, whereas the accident in this case occurred outside of Maryland. However, this is incorrect; the Maryland court specifically noted that the only provable acts of sexual intercourse occurred in Montreal, Canada. <u>See id.</u> at 820-21. By focusing the inquiry on defendant's contacts with Maryland at the time of the alleged wrongful acts, even when the acts occurred outside of the forum state, <u>Geelhoed</u> supports the assertion of personal jurisdiction in the instant case.

5

tentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

6