## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Onduline U.S.A.

v.

Frank J. Baker, t/a
Frank J. Baker Contractors

By JUDGE JOHN A. JAMISON

July 7, 1983

There have been several of these cases in the courts in this area recently, involving the matter of "limited contact" which would validate service of process and which would comply with the Virginia "long arm" statute, Section 8.01-328.1(A)(1). Most of these, however, have produced evidence more convincing that service under that statute was proper. In one of the cases, I recall that the Defendant's agent came into Virginia and signed an agreement. In another, although the agreement was signed, it was signed in another State, yet correspondence back and forth between the parties and receipt of invoices by the non-resident Defendant carried the provision that the Defendant agreed that purchase and delivery of the articles would be governed by the Virginia statute, and in still another, the articles were picked up within the Commonwealth by the Defendant.

In the instant case, we have only telephone calls placed by Baker to Onduline giving the latter orders for shipment of certain materials to be used solely for a construction project in the State of Florida. All calls came from Florida to Spotsylvania County. At no time did any of Baker's agents or company representatives personally appear in Virginia to conduct any business within this State.

There is little need to be critical of the Plaintiff for not insisting upon such orders being initiated in

writing by the Defendant or using some other legal device requiring the customer to submit to the jurisdiction of the Virginia courts in the event of a dispute. There are ways of conferring jurisdiction over foreign corporations and individuals, and apparently Onduline was simply too trusting of the Defendant in not being more insistent in this instance. This is certainly not intended as a condemnation of the Defendant for unfair dealing, but if it is admitted by him that the materials were purchased and received and the price is owed but the Defendant has no intention of paying a legitimate debt, one naturally wonders what real defense this Defendant would have. It would be hoped that some negotiations could take place which would result in working out a payment plan.

Be that as it may, however, the Court must follow the law even if it is distasteful to do so. I see no way this case can be tried, after considering the provisions of Section 8.01-328.1(A)(1). While Mr. Etherington's memorandum is a hopeful one, I find I must adopt Mr. Moschel's reasoning in his brief, which is convincing. While Mr. Etherington feels that *Danville Plywood Corporation* v. *Plain & Fancy Kitchens, Inc.*, 218 Va. 533 (1977), is distinguishable, I regret that I cannot agree. I feel that notwithstanding one or two minor factual differences, the holding in *Danville* governs the Court's decision here. If anything, it might be argued that that case is an even stronger one than the case at bar, yet the Supreme Court of Virginia held that it lacked sufficient minimum contact for due process to confer jurisdiction over the foreign corporation defendant under the above Code section. The instant case seems to me to have even less basis for conferring jurisdiction.

I am accepting some evidence apparently agreed to by the parties in making this decision. Mr. Etherington states in his reply to the Defendant's Motion to Dismiss that the same is grounded on an evidentially unsupported allegation "that neither the defendant directly nor by an agent has transacted any business in this Commonwealth at any time." It would appear that Mr. Etherington should have a right to put on evidence if he so desires. However, in his letter memorandum of April 25th he states in paragraph 2 that he, in effect, agrees to the statement of the case given by Mr. Moschel in his brief of April 18th, so this has the effect of stipulating the evidence. It

seems to me, therefore, that I have no alternative but to grant the Motion to Dismiss.

## August 4, 1983

I have considered Mr. Etherington's request to treat his letter of July 21st as a motion to reconsider the decision I made in the opinion of July 7, 1983.

I have gone over that opinion carefully and have given special attention to the argument Mr. Etherington advances in the second paragraph of his letter in which he emphasizes that there were many more than just one telephone call to Onduline from Frank J. Baker. He feels that the instant case, for that reason, should be distinguished from *Danville Plywood, etc.* v. *Plain and Fancy, etc.*, cited on page three of my memorandum, where there was only one telephone call. I have thought about this question of the number of telephone calls but that would not seem to make any difference if there was no actual contact which would appear to be required by Section 8.01-328.1(A)(1).

I have given [the] request for reconsideration full attention but must deny the same and stand by my memorandum of July 7, 1983.