**CIRCUIT COURT OF FAIRFAX COUNTY**

Cable & Wireless
Communications, Inc.

v.

AOX, Inc.

May 10, 1991

Case No. (Law) 101627

By JUDGE THOMAS J. MIDDLETON

This cause came to be heard upon the motion to dismiss for lack of in personam jurisdiction filed by the defendant. Upon consideration of the oral argument, the briefs and affidavits filed, the testimony before this Court, and the applicable case law, the motion is granted.

The plaintiff asserts that the defendant is subject to jurisdiction under the Virginia long arm statute, Va. Code § 8.01-328.1. Specifically, the plaintiff asserts that the defendant has transacted business in this Commonwealth. Va. Code § 8.01-328.1(A)(1). Where jurisdiction is asserted based solely upon Va. Code § 8.01-328.1," only a cause of action arising from acts enumerated in the section may be asserted against [the defendant]." Va. Code Section 8.01-328.1(B).

In order that this Court may assert jurisdiction under the long arm statute, the conduct of the defendant must come under the acts described in the statute, and also the assertion of jurisdiction must not violate constitutional due process. The Virginia Supreme Court has stated that "[i]t is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." *Kolbe,*

*Inc. v. Chromodern, Inc.*, 211 Va. 736, 740 (1971). If the Court determines that the business activities of the defendant which relate to Virginia are sufficient to comport with due process, then the assertion of personal jurisdiction is appropriate.

Due process requires that a defendant have certain "minimum contacts" with the forum state. The Supreme Court of the United States has stated that:

> to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of the privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

The Court has more recently observed that:

> [t]he application of [due process analysis] will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws . . . .

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (cited in *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 535 (1977)).

In the case at bar the defendant, a Massachusetts corporation with its principal offices being in that state, contracted to have the plaintiff provide long distance telephone service for the defendant. The plaintiff is a District of Columbia Corporation registered in and with its principal office in Virginia. For the purposes of

this opinion, the Court will assume that all of plaintiff's employees and machinery are in Virginia and that the services required to be performed by its employees under the contracts were performed in Virginia.

The contracts entered into by the parties indicate, just below the signature of defendant's agent, that they are "[a]ccepted by Cable & Wireless Communication in Vienna, upon initiation of service." The Court will accept that the parties are competent to contract as to the place of acceptance and holds that the instant contracts were accepted in Virginia at the time services were initiated thereon.

The assumptions the Court has made in favor of the plaintiff, and the findings of fact the Court has made, can be summarized as follows. The defendant desired to obtain long distance telephone service and decided to allow the plaintiff to provide it. The defendant signed the contract and sent it to the plaintiff in Virginia. The plaintiff performed its services required under the contract in Virginia.

This Court holds that the assertion of personal jurisdiction over this defendant would offend "traditional notions of fair play and substantial justice," *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 261 (1989), cert. denied 109 S. Ct. 3248 (1989), and is not permissible under the due process clause of the Constitution.

The Court finds this case to be very similar to the facts of *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc., supra.* In that case the defendant, a foreign corporation, negotiated a contract with the plaintiff, a Virginia corporation, by which the plaintiff would provide plywood to the defendant's Pennsylvania plant.

The Court found that the defendants took legal possession of the plywood in Virginia when it was placed in transit F.O.B. Danville, and acceptance of the contract itself took place in Virginia. Also, it appears that all of the plaintiff's performance under the contract in that case was contemplated to, and did, take place in Virginia. Notwithstanding these facts similar to this case, the Court held that the "evidence is insufficient to establish that [the defendant] had the necessary 'minimum contacts'

with Virginia to satisfy due process and give our Courts jurisdiction."

The plaintiff argues that because each phone call placed routinely by the defendant passed through this state where it was directed to its eventual destination by the plaintiff, there have been sufficient minimum contacts for this state to assert personal jurisdiction. It is true that:

> [t]oday many commercial transactions touch two or more states and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted across state lines. At the same time, modern transportation and communications have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity.

*McGee v. International Life Ins. Co.*, 355 U.S. 220, 222 (1957). However, the same advances in technology which decrease the burden upon a defendant forced to litigate in a foreign forum make it more likely that the regular business activities of a corporation will be accompanied by incidental contact with foreign jurisdictions. As the Supreme Court has stated, it would be "a mistake to assume that this [progress in communications and transportation] heralds the eventual demise of all restrictions on the personal jurisdiction of state courts." *Hanson v. Denckla*, 357 U.S. 235, 251 (1958).