## CIRCUIT COURT OF LOUDOUN COUNTY

Century Steel Products, Inc.

v.

McGuire Refrigeration, Inc.

November 30, 1992

Case No. (Law) 13850

BY JUDGE THOMAS D. HORNE

This matter is before the Court on defendant's motion to dismiss and plaintiff's motion to strike. Plaintiff is a Virginia corporation engaged in the business of manufacturing steel products. Defendant is a Maryland corporation which purchased various steel products from plaintiff. The question to be decided is whether defendant's transactions with the Virginia corporation are sufficient to subject it to the jurisdiction of a Virginia court.

At the hearing on defendant's motion, it was established that the contractual relationship between plaintiff and defendant was entered into in Maryland. A representative of Century Steel initiated contact with a representative of McGuire Refrigeration at McGuire's office in Maryland. At the time of this contact, no prior solicitation had been made by McGuire to Century Steel in Virginia. An agreement was reached between the parties in Maryland, and an open account was established with credit references being supplied by McGuire. Subsequent orders for steel products were placed by McGuire via FAX transmittal to Century Steel's office in Virginia. Confirmation of orders was sometimes made by telephone. On some occasions, telephone calls were placed by McGuire to Century Steel concerning the status of certain orders. The goods were shipped to McGuire from Century Steel F.O.B. Maryland. At no time did a representative from McGuire visit the Century Steel facility in Virginia.

McGuire argues that it was merely a passive buyer and that its contact with Virginia does not meet the minimum requirements nec-

essary to subject it to the jurisdiction of the Virginia courts. Century Steel argues that Virginia is a single transaction state and that McGuire's conduct satisfies Virginia's Long Arm Statute. After hearing counsel's arguments and after reviewing the case law, it is the Court's opinion that McGuire's contacts with Virginia are insufficient to satisfy due process requirements and therefore preclude it from being subjected to litigation in Virginia.

Virginia's Long Arm Statute vests the courts of the Commonwealth with "personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's (1) Transacting any business in this Commonwealth." Va. Code § 8.01–328.1(A)(1). This Section is a "single act" statute, requiring only one transaction in Virginia to confer jurisdiction on its courts. *Kolbe, Inc.* v. *Chromodern, Inc.*, 211 Va. 736, 740 (1971). However, due process requires that a nonresident have certain "minimum contacts" within the territory of the forum so that the maintenance of the action does not offend traditional notions of fair play and substantial justice. *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945). In addressing itself to the question of what minimum contacts in the forum state suffice to satisfy due process, the Supreme Court in *Hanson* v. *Denckla* pointed out that "[t]he application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . ." 357 U.S. 235, 253 (1958).

The facts of this case reveal that the only contacts McGuire had with Virginia were the placing of orders to Century Steel's plant in Virginia via FAX transmittal and an occasional telephone call to the plant. However, the mere placing of orders for the shipment of goods is insufficient to establish "minimum contacts" with Virginia to give jurisdiction under the Long Arm Statute. *Onduline U.S.A.* v. *Frank J. Baker*, 6 Va. Cir. 49 (Spotsylvania County 1983). In addition, the mere placing of telephone calls in furtherance of a transaction, without more, is insufficient to form a basis for personal jurisdiction. *Superfos Investments, Ltd.* v. *FirstMiss Fertilizer, Inc.*, 774 F. Supp. 393, 397–98 (E.D. Va. 1991), *citing, Unidyne Corp.* v. *Aerolineas Argentinas*, 590 F. Supp. 391, 396 (E.D. Va. 1984) (telephone calls, telex messages and letters are insufficient basis for in personam jurisdiction).

The only other connection McGuire had with Virginia is the fact that the goods were manufactured in and shipped from Virginia. The goods were shipped F.O.B. Maryland, meaning that Century Steel assumed the risk of loss until the goods arrived in Maryland. In other words, McGuire did not actually accept delivery until the goods arrived at its office in Maryland. These facts alone do not establish the minimum contacts necessary to subject McGuire to litigation in Virginia. Even if McGuire had accepted the goods in Virginia (i.e., if the goods had been shipped F.O.B. Virginia), this would be insufficient to establish that McGuire had the necessary minimum contacts with Virginia to satisfy due process and give this Court jurisdiction. *See Plywood Corp.* v. *Kitchens*, 218 Va. 533, 535 (1977) (while technical acceptance of an order may have occurred in Virginia by virtue of the fact that the goods were shipped F.O.B. Virginia, this evidence is insufficient to establish the minimum contacts necessary for jurisdiction in a Virginia court).

Based on the above facts, the Court finds that McGuire has not "purposefully availed itself" of the privilege of conducting business in Virginia and thus cannot be subject to litigation in a Virginia court. Thus, defendant's motion to dismiss is granted.