## CIRCUIT COURT OF FAIRFAX COUNTY

Kulik Photographic

v.

Black & Veatch, Inc.

February 4, 1994

Case No. (Law) 127218

By Judge Thomas S. Kenny

This case presents the question of whether a Missouri defendant has sufficiently transacted business in Virginia to make it subject to the jurisdiction of this court under the "long-arm" statute.

The plaintiff, Kulik Photographic, filed an action at law against defendant, Black & Veatch, Inc.,[1] on July 28, 1993, seeking recovery for damage to a photographic slide. The matter was heard in Fairfax County General District Court, with the court entering judgment for the plaintiff. The defendant duly noted and perfected its appeal. The case has been set for trial in this court on February 10, 1994.

The defendant has moved to dismiss the action for lack of personal jurisdiction. In oral argument and in the supporting memorandum, counsel for defendant argued that it was entitled to a dismissal of this action because it lacked the necessary constitutional and statutory contacts with Virginia for this court to exercise personal jurisdiction over the defendant. I agree with defendant and will grant the motion to dismiss.

Here, the defendant is a Missouri partnership which does not maintain any offices in Virginia. The only contacts between the parties pertaining to the slide were a series of telephone calls made by the defendant's employee to order the slide for use outside Virginia; the mailing of a contract by the plaintiff to defendant's offices in Kansas,

---

[1] Although the defendant has been sued as a corporation, its motion to dismiss contends that it is a Missouri general partnership by the name of "Black & Veatch."

where it was executed and returned to Virginia; the mailing of the slide to Kansas by the plaintiff; and the return mailing of the slide to Virginia by the defendant.

For the court to assert jurisdiction pursuant to the long-arm statute, the defendant's acts must be both covered by the statute and the exercise of jurisdiction must comport with the Due Process Clause of the United States Constitution. Due process entails that the defendant establish "minimum contacts" with the forum state, such that:

> the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws . . . .

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The long-arm statute, as codified in Va. Code § 8.01-328.1(A), provides the following:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's;
> (1) transacting any business in this state . . . .

The Supreme Court of Virginia interpreted this provision in *Danville Plywood Corporation v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533 (1977). In that case, the defendant had ordered goods that were to be shipped by the plaintiff from Virginia, but the defendant did not maintain any offices or engage in any sales activities in Virginia. Though the court held that the goods may have been technically accepted in Virginia when the goods were delivered by the plaintiff to the shipper, the court maintained that these contacts were still insufficient to constitute the transaction of business in Virginia and therefore held that the Commonwealth could not exercise personal jurisdiction over the defendant.

The Circuit Courts of Virginia have subsequently interpreted this same provision, cognizant of the *Plywood* precedent. In *Onduline v. Baker*, 6 Va. Cir. 49 (1983), the Spotsylvania County Circuit Court, citing *Plywood* as controlling, held that the making of telephone calls by the defendant to the plaintiff in Virginia in order to place orders for materials to be shipped for use in Florida did not constitute a sufficient business transaction in Virginia, in light of the fact that the defendant had not appeared in Virginia personally or by a representative to conduct any business.

In *Cable & Wireless Communications, Inc. v. AOX, Inc.*, 24 Va. Cir. 92 (1991), the Fairfax County Circuit Court held that the defendant, a foreign corporation which did not maintain offices in Virginia, was not subject to personal jurisdiction on a contract that was signed by the defendant outside Virginia and then sent to Virginia. Despite the fact that the contract called for the services to be performed in Virginia, the court stated that the business to be conducted insufficiently connected the defendant to Virginia. *Cable*, 24 Va. Cir. at 94.

The indicated contacts in this case between the defendant and Virginia are extremely limited in duration and scope. In the cases cited earlier, the making of telephone calls and the mailing of correspondence was an insufficient transaction of business in Virginia to support personal jurisdiction. So, here, the plaintiff has failed to demonstrate the requisite statutory basis for long-arm jurisdiction over the defendant, nor would due process be served. The contacts between the defendant and Virginia are simply too insufficient to reflect a purposeful commitment by the defendant to seek the benefit of the laws of Virginia.

Therefore, the motion to dismiss the motion for judgment is granted.